■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY R. DE MARCO, Appellant. [822 NYS2d 325]—

Lahtinen, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered May 29, 2002, upon a verdict convicting defendant of the crimes of sodomy in the second degree, sexual abuse in the first degree (three counts), attempted sodomy in the second degree and sexual abuse in the second degree.

Originally indicted on 21 counts (including three B felonies and six C felonies) for alleged sexual misconduct perpetrated upon three children, defendant ultimately was found guilty following a jury trial of six counts (three D felonies, one E felony and two misdemeanors). He now appeals contending that he was denied the effective assistance of trial counsel. We are unpersuaded and, thus, affirm.

The well-settled standard for a claim of ineffective assistance is "whether counsel's performance 'viewed in totality' amounts to 'meaningful representation' " (*People v Turner*, 5 NY3d 476, 480 [2005], quoting *People v Baldi*, 54 NY2d 137, 147 [1981]; *see People v Henry*, 95 NY2d 563, 565 [2000]). This standard is not "amenable to precise demarcation" and necessarily hinges upon the facts and circumstances of each particular case (*People v Benevento*, 91 NY2d 708, 712 [1998]; *see People v Taylor*, 1 NY3d 174, 177 [2003]; *People v Satterfield*, 66 NY2d 796, 798-799 [1985]). "[A] reviewing court must avoid confusing 'true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis' " (*People v Benevento, supra* at 712, quoting *People v Baldi, supra* at 146). In short, "[t]he Constitution guarantees a defendant a fair trial, not a perfect one" (*People v Henry, supra* at 565).

The purported errors ascribed to trial counsel include, among others, failing to use a peremptory challenge as to a juror after County Court denied counsel's request to strike her for cause, failing to object to leading questions (although such questions are not identified), and cross-examining the children witnesses in a respectful fashion rather than "demoniz[ing]" them. These and the other alleged errors asserted by defendant are, at best, speculative and reflect efforts to second-guess trial strategy. Indeed, review of the record reveals that counsel made appropriate motions, successfully precluded the prosecution from inquiring about defendant's prior convictions, conducted a meaningful voir dire of prospective jurors, made cogent opening and closing statements, effectively cross-examined witnesses, interjected appropriate objections, presented evidence in support of defendant, and obtained dismissal or acquittal of numerous charges, including the most serious ones.

Cardona, P.J., Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.