[867 NE2d 397, 835 NYS2d 546]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES W. NEWTON, JR., Appellant.

Argued March 21, 2007; decided May 1, 2007

## POINTS OF COUNSEL

*Mitch Kessler,* Cohoes, for appellant. County Court violated appellant's constitutional due process right to a fair trial by denying his request for a jury instruction on intoxication as a defense to the third-degree sodomy count, since (a) intoxication may negate the mental state necessary for the commission of third-degree sodomy as charged in the indictment, and (b) there was sufficient evidence of appellant's intoxication to create a question of fact for the jury as to whether he was able to form that mental state. (*People v Koerber,* 244 NY 147; *Weingarten v Board of Trustees of N.Y. City Teachers' Retirement Sys.,* 98 NY2d 575; *People v Ressler,* 302 AD2d 921; *People v Coe,* 71 NY2d 852; *People v Williams,* 81 NY2d 303; *People v Erts,* 73 NY2d 872; *People v Tabarez,* 69 NY2d 663; *People v Perry,* 61 NY2d 849; *People v Gaines,* 83 NY2d 925; *People v Felder,* 178 AD2d 936.)

*Gerald F. Mollen, District Attorney,* Binghamton (*Joann Rose Parry* of counsel), for respondent. The trial court properly denied defendant's request to charge intoxication as a defense to sodomy in the third degree. (*People v Perry,* 61 NY2d 849; *People v Gaines,* 83 NY2d 925; *People v Park,* 12 AD3d 942; *People v Salco,* 302 AD2d 613; *People v Brown,* 226 AD2d 1108; *People v Williams,* 81 NY2d 303; *People v Hamilton,* 256 AD2d 922; *People v Goetz,* 68 NY2d 96; *People v Di Paola,* 143 AD2d 487; *People v Koerber,* 244 NY 147.)

### OPINION OF THE COURT

READ, J.

On March 19, 2003, defendant James W. Newton, Jr. was indicted for the crimes of sodomy in the first degree (Penal Law § 130.50 [1]), sexual abuse in the first degree (Penal Law § 130.65 [1]) and sodomy in the third degree (Penal Law § 130.40 [3]).[1] The three-count indictment accused defendant of engaging in oral sex with a 19-year-old male by forcible compul-

---

1. The Sexual Assault Reform Act (L 2000, ch 1), as subsequently amended, modernized the nomenclature used to describe certain crimes and terms in article 130 of the Penal Law. As a result, "sodomy" was later renamed "criminal sexual act" (*see* L 2000, ch 1, § 56; L 2003, ch 264, §§ 18, 20, 71).

sion and without consent (by virtue of something other than incapacity). In light of these allegations, a declaration of delinquency charged defendant with violating the conditions of the sentence of probation imposed upon him in 2000 after his conviction for second-degree assault. Defendant contended that the alleged victim did not resist or otherwise communicate a lack of consent, and that he perceived the sexual act to be consensual. It is undisputed that defendant had been consuming beer steadily in the hours before this incident.

At trial, defense counsel asked the court to instruct the jury on intoxication with respect to both sodomy counts (*see* Penal Law § 15.25 [while "(i)ntoxication is not, as such, a defense to a criminal charge," evidence of a defendant's intoxication may be offered whenever "relevant to negative an element of the crime charged"]).[2] Instead, the court charged the jury on intoxication with respect to first-degree sodomy only, reasoning that this crime called for the factfinder to conclude beyond a reasonable doubt that defendant intended to engage in forcible compulsion (*see People v Williams*, 81 NY2d 303, 316-317 [1993] ["intent is implicitly an element of" first-degree rape and first-degree sodomy, and "(t)he intent required is the intent to perform the prohibited act—i.e., the intent to forcibly compel another to engage in intercourse or sodomy"]; *see also People v Perry*, 61 NY2d 849 [1984] [charge on intoxication should be given if there is sufficient evidence in the record for a reasonable person to entertain a doubt as to whether defendant possessed the requisite mental state, such as intent, on that basis]).

Regarding third-degree sodomy, however, the court instructed the jury that "intoxication is not a defense under any circumstances" because there was no element of intent or other subjective mental state required for this crime. "Rather, . . . sodomy in the third degree involves an allegation that a reasonable person in the defendant's situation would have understood the . . . alleged victim's words and acts as an expression of a lack of consent." As a result, the court charged the jury that "if the defendant failed to so understand solely as a result of intoxication[,] such would not be a defense under the law" to third-degree sodomy. The jury ultimately acquitted defendant of sodomy in the first degree, and convicted him of sodomy in the third degree.

---

**2.** The trial judge had already dismissed the count alleging sexual abuse in the first degree.

Defendant subsequently pleaded guilty to the violation of probation, with the understanding that the trial judge would impose a determinate sentence of five years of imprisonment to be followed by three years of postrelease supervision, which would run concurrently with his sentence for the sodomy conviction. On March 5, 2004, the court sentenced defendant as a second felony offender to an indeterminate prison term of 2 to 4 years for the sodomy conviction, and to the agreed-upon concurrent sentence for the violation of probation. The Appellate Division affirmed the judgment of conviction, rejecting defendant's argument that the trial court should have instructed the jury to consider intoxication in connection with the third-degree sodomy charge. A Judge of this Court granted defendant leave to appeal, and we now affirm.

To be guilty of third-degree sodomy under Penal Law § 130.40 (3), defendant was required to have engaged in the sexual act "with another person without such person's consent where such lack of consent [was] by reason of some factor other than incapacity to consent." The Sexual Assault Reform Act fleshed out this crime by specially defining "lack of consent" for purposes of third-degree sodomy as

> "circumstances under which, at the time of the [sexual act], the victim clearly expressed that he or she did not consent to engage in such act, and a reasonable person in the actor's situation would have understood such person's words and acts as an expression of lack of consent to such act under all the circumstances" (Penal Law § 130.05 [2] [d]).

This provision was

> "designed to address the so-called date rape or acquaintance rape situations [where] there [might] be consent to various acts leading up to the sexual act, but at the time of the act, the victim clearly says no or otherwise expresses a lack of consent, and a reasonable person in the actor's situation would understand that the victim was expressing a lack of consent" (Donnino, Main Volume Supp Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law art 130, at 220 [citation and internal quotation marks omitted]).

Further,

> "[t]he use of the term 'reasonable person' in the

'actor's situation' imports an objective element into the determination of whether there was a clear expression of non-consent to the [sexual act]. Although the 'reasonable person' must stand in the shoes of the actor, if such a person would understand that the victim was expressing a lack of consent, *then it does not matter that the accused thought otherwise*" (*id.* at 220-221 [emphasis added and citation omitted]).

In short, the proper inquiry for the factfinder is not whether a defendant actually perceives a lack of consent, but whether the victim, by words or actions, clearly expresses an unwillingness to engage in the sexual act in such a way that a neutral observer would have understood that the victim was not consenting. Otherwise, it would not be enough for a victim simply to say "No." Every prosecution would devolve into a dispute over whether the particular defendant might have misapprehended whether "No" really meant "No" for one reason or another. As the People point out, if the Legislature had, in fact, intended to take a defendant's subjective mental state into account, it could have drafted the statute to require the accused to know or have reason to know that the victim was not consenting; or the Legislature could have furnished an accused with an affirmative defense of lack of knowledge (*see e.g.* Penal Law § 130.10 [1] [providing for an affirmative defense of lack of knowledge of incapacity where victim's lack of consent is based solely upon incapacity to consent because of mental disability, mental incapacity or physical helplessness]).

Because a defendant's subjective mental state is not an element of the crime of third-degree sodomy, evidence of intoxication at the time of the sexual act is irrelevant. Thus, the trial judge in this case properly declined to instruct the jury on intoxication with respect to the charge of this crime.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, SMITH, PIGOTT and JONES concur.

Order affirmed.