THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAO-SHENG LIN, Appellant. [923 NYS2d 303]—

Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered March 21, 2005, upon a verdict convicting defendant of the crimes of kidnapping in the first degree, burglary in the first degree (two counts) and criminal use of a firearm in the first degree.

Following a jury trial, defendant was convicted of kidnapping in the first degree, two counts of burglary in the first degree and criminal use of a firearm in the first degree. He was sentenced to a term of 15 years to life in prison for kidnapping in the first degree, to be followed by five years of postrelease supervision, two terms of 15 years in prison for burglary in the first degree, to be followed by five years of postrelease supervision, and a term of 15 years in prison for criminal use of a firearm in the first degree, to be followed by five years of postrelease supervision, all to run concurrently. Defendant's CPL article 440 motion was denied. Thereafter, his conviction was affirmed on appeal by this Court and his application for leave to appeal to the Court of Appeals was denied (*People v Mao-Sheng Lin*, 50 AD3d 1251 [2008], *lv denied* 10 NY3d 961 [2008]). Defendant subsequently made a motion to this Court for a writ of error coram nobis alleging that he was denied the effective assistance of counsel due to, among other things, his counsel's failure to challenge the legality of the sentence. This Court granted the motion and reinstated the appeal, but limited it to the issue of the legality of the sentence.

Defendant contends that the sentence imposed upon his conviction of the crime of kidnapping in the first degree is illegal because it includes a period of postrelease supervision that can only be imposed following a determinate sentence, not an indeterminate one (*see* Penal Law § 70.45 [1]). In view of the clear language of Penal Law § 70.45 (1) and given the People's concession that the sentence is illegal, we agree. Therefore, the judgment must be modified accordingly and the matter must be remitted to County Court for resentencing on that count.

Peters, J.P., Spain, Rose, Stein and McCarthy, JJ., concur.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed for the crime of kidnapping in the first degree; matter remitted to the County Court of Tompkins County for resentencing on that count; and, as so modified, affirmed.