Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  August 6, 2015                    106319
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                   MEMORANDUM AND ORDER

SHON JOHNSON,
                    Appellant.
_____


Calendar Date:   June 8, 2015

Before:  Garry, J.P., Egan Jr., Lynch and Devine, JJ.

                    _____


        Mark Schneider, Plattsburgh, for appellant.

        Glenn MacNeill, Acting District Attorney, Malone (Jennifer
M. Hollis of counsel), for respondent.

                    _____


        Appeal from a judgment of the County Court of Franklin
County (Main Jr., J.), rendered September 30, 2013, upon a
verdict convicting defendant of the crimes of promoting prison
contraband in the first degree and attempted assault in the
second degree.

        While incarcerated at a state correctional facility,
defendant altered a state-issued razor blade and used it to cut a
correction officer's wrist.  As a result, defendant was charged
by indictment with promoting prison contraband in the first
degree and attempted assault in the second degree.  Following a
jury trial, defendant was convicted as charged.  Defendant was
thereafter sentenced, as a second felony offender, to an
aggregate prison term of 3½ to 7 years, to run consecutively to
the time remaining on his prior undischarged term.  Defendant now
appeals.

We affirm.  Defendant's sole contention is that the imposition of the maximum possible sentence is harsh and excessive in light of his documented mental health history. However, the record reveals that County Court was fully apprised of defendant's mental health history, including the fact that a court-ordered psychiatric examination revealed that defendant suffered from psychotic disorder not otherwise specified, but that he did not lack the capacity to understand the proceedings and participate in his defense.  In view of this, and given defendant's lengthy criminal history — which includes a prior conviction for assaulting a correction officer — we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Santiago, 6 AD3d 979, 979 [2004]; People v Pagan, 304 AD2d 980, 981 [2003], lv denied 100 NY2d 564 [2003]; People v Youmans, 292 AD2d 647, 649 [2002], lv denied 98 NY2d 704 [2002]).

Garry, J.P., Egan Jr., Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court