*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 16, 2016                    107030
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                      MEMORANDUM AND ORDER

LEON SMITH, Also Known as L,
                        Appellant.
_____


Calendar Date:  April 27, 2016

Before:  Peters, P.J., Lahtinen, Garry, Clark and Mulvey, JJ.

_____


        William T. Morrison, Albany, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Lisa M.
Bondarenka of counsel), for respondent.

_____


Clark, J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered July 17, 2014, upon a verdict convicting
defendant of the crimes of criminal sale of a controlled
substance in the third degree and criminal possession of a
controlled substance in the third degree.

        Defendant was arrested after selling crack cocaine to a
confidential informant (hereinafter CI) in a "buy and bust"
operation in the City of Kingston, Ulster County and was
subsequently indicted on the charges of criminal sale of a
controlled substance in the third degree and criminal possession
of a controlled substance in the third degree.  Thereafter,
defendant unsuccessfully moved to suppress the physical evidence
found on his person as the product of an unlawful arrest and the

statements he made to the police as involuntary.  Following a jury trial, defendant was convicted as charged and sentenced, as a second felony offender, to an aggregate prison term of 10 years, followed by three years of postrelease supervision.  He now appeals.

Although defendant advances several arguments, we focus our discussion on defendant's claim that he was deprived of the effective assistance of counsel.  To succeed on an ineffective assistance of counsel claim, a defendant bears the burden of demonstrating that defense counsel deprived him or her of a fair trial by providing less than meaningful representation (see People v Heidgen, 22 NY3d 259, 278 [2013]; People v Sanchez, 21 NY3d 216, 222-223 [2013]; People v Hammond, 107 AD3d 1156, 1156 [2013]).  "The test is not whether defendant received 'perfect representation,' but whether the attorney's assistance was 'consistent with [that] of a reasonably competent attorney'" (People v Thiel, 134 AD3d 1237, 1240 [2015], quoting People v Oathout, 21 NY3d 127, 128 [2013]).  In evaluating the representation afforded to a defendant, "courts must examine defense counsel's entire representation of defendant" (People v Oathout, 21 NY3d at 131-132; accord People v Bush, 107 AD3d 1302, 1303 [2013]).

Upon a review of the record as a whole, we agree that defendant did not receive meaningful representation.  Although defense counsel lodged some successful objections at trial, he largely permitted the People's police witnesses to provide lengthy, nonresponsive answers to questions asked on both direct and cross-examination, even after County Court commented on his failure to object or request that the nonresponsive testimony be stricken from the record.  Defense counsel's repeated failures in this regard resulted in prejudice to defendant, particularly when Detective Eric Paulding stated, in response to defense counsel's yes-or-no question, that the CI had purchased crack cocaine from defendant on 15 prior occasions.  While defense counsel stated outside the presence of the jury that he did not object because he did not want to further highlight the testimony, he later sat idle when the People referenced this improper and prejudicial testimony in summation.

Even more perplexing, however, was defense counsel's absolute failure to address the absence of the CI,[1] a pivotal player in the "buy and bust" operation. Initially, the record is devoid of any indication that defense counsel recognized the possibility of requesting a missing witness charge (see People v Donovan, 184 AD2d 654, 656 [1992]). It is difficult to imagine any legitimate trial tactic for not requesting such a charge under the particular circumstances of this case (see People v Peake, 14 AD3d 936, 937-938 [2005]; People v Cruz, 165 AD2d 205, 207-208 [1991], lv denied 77 NY2d 959 [1991]). The evidence against defendant was plentiful and, seemingly, the only strategy pursued by — and perhaps available to — defense counsel was to attack the credibility and reliability of the CI. With this apparent strategy in mind, and considering the favorable inference that may potentially flow from a missing witness charge (see CJI2d[NY] Missing Witness), we perceive no legitimate reason for defense counsel's failure to request the charge.

Moreover, defense counsel neither raised the absence of the CI in his summation nor objected to the prosecutor's improper statement in summation that he "wouldn't insult [the jurors] by putting [the CI] on the stand" (compare People v Rowe, 105 AD3d 1088, 1090-1091 [2013], lv denied 21 NY3d 1019 [2013]). Additionally, we note that defense counsel failed to elicit certain beneficial testimony during the suppression hearing. While the foregoing errors would not, in isolation, necessarily constitute ineffective assistance of counsel, the cumulative effect of those errors was such that defendant was deprived of meaningful representation and, thus, a fair trial (see People v Bush, 107 AD3d at 1303; People v Hull, 71 AD3d 1336, 1338-1339 [2010]). Accordingly, given defense counsel's overall deficient performance, we must reverse the judgment of conviction and remit for a new trial.

We are unpersuaded by defendant's contentions that County Court erred in denying his motion to suppress the physical

---

[1] The People failed to call the CI as a witness and there is no discussion on the record concerning her whereabouts or her failure to testify.

evidence recovered from his person (see People v Cruz, 131 AD3d 724, 726 [2015], lv denied 26 NY3d 1087 [2015]; People v Vanhoesen, 31 AD3d 805, 806 [2006]) and the statements he made to the police while in custody (see People v Rankin, 127 AD3d 1335, 1339 [2015], lvs denied 26 NY3d 1144, 1149 [2016]; People v Cavallaro, 123 AD3d 1221, 1223 [2014]). Finally, in light of our determination, we need not reach defendant's contention that County Court considered improper factors when it imposed sentence.

Peters, P.J., Lahtinen, Garry and Mulvey, JJ., concur.

ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Ulster County for a new trial.

ENTER:

Robert D. Mayberger
Clerk of the Court