■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY MANIGAULT JR., Appellant. [54 NYS3d 193]—

McCarthy, J. Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered January 26, 2015, upon a verdict convicting defendant of the crimes of strangulation in the second degree (three counts), assault in the third degree, unlawful imprisonment in the second degree and rape in the third degree.

Defendant and the victim began dating and living together in April 2013. In November 2013, the victim reported an incident that occurred the previous night where she alleged, among other things, that defendant had raped her. As a result of the investigation of that and other instances, defendant was ultimately charged with criminal sexual act in the first degree, criminal sexual act in the third degree, assault in the third degree, unlawful imprisonment in the second degree, rape in the third degree and three counts of strangulation in the second degree. After defendant's trial, the jury found him not guilty of criminal sexual act in the first degree and criminal sexual act in the third degree but guilty of the remaining charges. County Court sentenced defendant to four years in prison to be fol-

lowed by five years of postrelease supervision on each conviction of strangulation in the second degree, one year in jail on his conviction of assault in the third degree, one year in jail on his conviction of unlawful imprisonment in the second degree and four years in prison followed by 10 years of postrelease supervision on his conviction of rape in the third degree, all sentences to run concurrently. Defendant appeals.

Initially, we agree with defendant that, due to the fact that it was multiplicitous to either count 3 or count 4 of the indictment, defendant's conviction for strangulation in the second degree under count 5 of the indictment cannot be sustained and is against the weight of the evidence.* "As a general rule, . . . where a defendant, in an uninterrupted course of conduct directed at a single victim, violates a single provision of the Penal Law, he [or she] commits but a single crime" (*People v Alonzo*, 16 NY3d 267, 270 [2011]; *accord People v Flanders*, 25 NY3d 997, 1000 [2015]). Initially, the record evidence establishes two distinct episodes in which defendant strangled the victim, between which the victim left the home in an attempt to escape defendant's abuse—an escape thwarted by defendant depriving the victim of her car keys. As the record readily establishes that these two strangulations did not occur in an uninterrupted course of conduct, we reject defendant's contention that there was only evidence of one uninterrupted strangulation and that count 4 of the indictment was multiplicitous of count 3 of the indictment (*see People v Garcia*, 141 AD3d 861, 865 [2016], *lv denied* 28 NY3d 929 [2016]). Nonetheless, beyond the victim's conclusory testimony that there was a third event of strangulation, the record does not contain any factual explanation of this event that would allow for a reasonable conclusion that it was not part of an uninterrupted course of conduct in regard to either count 3 or count 4 of the indictment. Accordingly, as there is insufficient evidence from which to conclude that defendant's conviction on count 5 of the indictment was not part of an uninterrupted occurrence in regard to the conduct for which he was convicted in either counts 3 or 4 of the indictment (*see generally People v Alonzo*, 16 NY3d at 271), defendant's conviction under count 5 of the indictment is against the weight of the evidence and therefore must be reversed and the count dismissed.

As to defendant's remaining contention regarding the convictions for strangulation in the second degree, the victim's testimony established that she was gasping for air, suffered

---

* Defendant failed to preserve a legal insufficiency argument as to the multiplicity of the strangulation in the second degree counts.

from narrowed vision and felt dizzy as a result of defendant repeatedly choking her. This evidence was legally sufficient to establish that defendant caused the requisite "stupor" in strangling the victim, and, deferring to the jury's credibility determinations, the conclusion that defendant inflicted such a stupor is not against the weight of the evidence (Penal Law § 121.12; *see generally People v Haardt*, 129 AD3d 1322, 1323 [2015]; *People v Cox*, 129 AD3d 1210, 1212 [2015], *lv denied* 26 NY3d 966 [2015]).

Defendant's contention that the victim did not clearly express an unwillingness to engage in sexual intercourse with him is without merit. In regard to consent, "the proper inquiry for the factfinder is not whether a defendant actually perceives a lack of consent, but whether the victim, by words or actions, clearly expresses an unwillingness to engage in the sexual act in such a way that a neutral observer would have understood that the victim was not consenting" (*People v Newton*, 8 NY3d 460, 464 [2007]). Whether a person's words or acts express a lack of consent must be considered under "all the circumstances" (Penal Law § 130.05 [2] [d]). Here, defendant had, over the course of the day, physically abused the victim, strangled her to near unconsciousness, confined her and made death threats towards her. During the same period, the victim verbally communicated to him that she did not want to be in a relationship with him anymore and attempted to flee his presence, an escape that was thwarted only due to defendant depriving her of car keys. Considering these facts and given the victim's utter lack of participation in the intercourse that defendant thereafter initiated, a neutral observer would have understood that the victim had clearly indicated her lack of consent. Accordingly, there is legally sufficient evidence to support the conclusion that the victim did not consent to the intercourse, and, deferring to the jury's credibility determinations, the verdict as to rape in the third degree is not against the weight of the evidence (*see People v Powell*, 128 AD3d 1174, 1176 [2015]).

Finally, and as the People concede, the respective postrelease supervision periods imposed on the convictions for strangulation in the second degree, five years, are illegal. Strangulation in the second degree is a class D violent felony (*see* Penal Law § 70.02 [1] [c]), and the permitted period of postrelease supervision is from 1½ to 3 years (*see* Penal Law § 70.45 [2] [e]). The record is not such that this Court may discern the period of postrelease supervision that County Court would have imposed pursuant to Penal Law § 70.45 (2) (e), and therefore we remit

the matter to that court to modify the period of postrelease supervision, as appropriate, relating to the charges of strangulation in the second degree under counts 3 and 4 of the indictment (*see People v Jones*, 146 AD3d 1078, 1081 n [2017]; *People v Boula*, 106 AD3d 1371, 1373 [2013], *lv denied* 21 NY3d 1040 [2013]; *People v Mao-Sheng Lin*, 84 AD3d 1595, 1595 [2011]). Defendant's remaining contentions have been considered and are without merit.

Peters, P.J., Egan Jr., Mulvey and Aarons, JJ., concur. Ordered that the judgment is modified, on the law and the facts, by (1) reversing defendant's conviction of strangulation in the second degree under count 5 of the indictment and (2) vacating the periods of postrelease supervision imposed upon defendant's convictions of strangulation in the second degree under counts 3 and 4 of the indictment; count 5 dismissed, the sentence imposed thereon vacated and matter remitted to the County Court of Albany County for resentencing of the periods of postrelease supervision on counts 3 and 4; and, as so modified, affirmed.