McCarthy, J.
 

 Appeal from a judgment of the County Court of Chemung County (Keene, J.), rendered October 28, 2013, upon a verdict convicting defendant of the crime of rape in the third degree.
 

 In January 2013, when defendant was 18 years old, his ex-girlfriend (hereinafter the victim) went with him to his house and up to his bedroom, where, according to the victim, he engaged in sexual intercourse with her in spite of her protests. At the end of a jury trial, defendant was acquitted of rape in the first degree but convicted of rape in the third degree. County Court denied defendant’s request for youthful offender treatment and sentenced him to three years in prison followed by five years of postrelease supervision. Defendant appeals.
 

 The verdict is not against the weight of the evidence. “A weight of the evidence review requires this Court to first determine whether, based on all the credible evidence, a different finding would not have been unreasonable . . . [and then] weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence” (People v Taft, 145 AD3d 1090, 1091-1092 [2016] [internal quotation marks, brackets and citations omitted], lv denied 29 NY3d 953 [2017]; see People v Bleakley, 69 NY2d 490, 495 [1987]). As charged here, a defendant is guilty of rape in the third degree when he or she “engages in sexual intercourse with another person without such person’s consent where such lack of consent is by reason of some factor other than incapacity to consent” (Penal Law § 130.25 [3]). To evaluate lack of consent in this context, the jury must determine “ ‘whether the victim, by words or actions, clearly expressefd] an unwillingness to engage in the sexual act in such a way that a neutral observer would have understood that the victim was not consenting’ ” (People v Manigault, 150 AD3d 1331, 1333 [2017], lv denied 29 NY3d 1130 [2017], quoting People v Newton, 8 NY3d 460, 464 [2007]; see Penal Law § 130.05 [2] [d]).
 

 Defendant testified that he engaged in sexual intercourse with the victim, leaving consent as the only contested element. The victim testified that she attempted to push defendant away, tried to keep her pants pulled up, and told defendant “no” and to stop more than 10 times. She testified that, despite these efforts, defendant pushed her down when she tried to get up, pinned her on his bed, pulled down her pants and engaged in intercourse for more than five minutes. Immediately after she left the house, the victim called her mother and reported the incident. Multiple family members who interacted with the victim soon after the incident testified that she was upset and crying hysterically. She was taken to the hospital, where a sexual assault examination was performed. Swabs of sperm retrieved from the victim’s body were tested and found to match defendant’s DNA profile.
 

 A police investigator testified regarding defendant’s two statements, which were admitted into evidence. In his first statement, defendant said he did not see the victim on the relevant date and had not seen her for months. In his second statement, defendant admitted that he saw the victim that day but said they did not have sex. At trial, defendant conceded that he lied in both statements, and admitted engaging in intercourse with the victim but claimed it was consensual. He testified that the victim encouraged physical contact by sitting on his lap and that she removed her own pants. According to defendant, the victim told him to stop after 10 to 15 minutes of intercourse and he did so immediately; she had not told him to stop earlier and never indicated “she was not a willing participant.”
 

 The verdict ultimately depended on whether the jury believed the victim’s or defendant’s testimony. Deferring to the jury’s credibility determinations and viewing the evidence in a neutral light, the verdict is not against the weight of the evidence as the proof supports a finding that the victim did not consent to sexual intercourse with defendant (see People v Stocum, 143 AD3d 1160, 1163 [2016]; People v Tubbs, 115 AD3d 1009, 1010 [2014]). Accepting the victim’s version of events, as it appears the jury primarily did, a neutral observer in defendant’s position would have understood the victim’s words and actions to convey a lack of consent, and the victim’s behavior after the incident further supports the conclusion that defendant engaged in sexual intercourse with her against her will (see People v Manigault, 150 AD3d at 1333; People v Simonetta, 94 AD3d 1242, 1244 [2012], lv denied 19 NY3d 1029 [2012]).
 

 Defendant argues that the verdict is repugnant because the jury acquitted him of rape in the first degree, apparently reflecting disbelief of the victim’s testimony regarding forcible compulsion, but convicted him of rape in the third degree. We will not address this argument because defendant did not preserve it for review by raising it before the jury was discharged, at a time when County Court could have resubmitted the matter to the jury to obtain a consistent verdict (see People v Alfaro, 66 NY2d 985, 987 [1985]; People v Perry, 27 AD3d 952, 953 [2006], lv denied 8 NY3d 883 [2007]).
 

 Defendant further argues that he was denied the effective assistance of counsel. Specifically, he contends that counsel was ineffective by failing to exercise a peremptory challenge on a particular juror, to retain an expert witness and to raise the repugnancy argument. To prevail on an ineffective assistance claim, a defendant bears the burden of “demonstrating that defense counsel deprived him or her of a fair trial by providing less than meaningful representation” (People v Smith, 140 AD3d 1403, 1404 [2016]; see People v Sanchez, 21 NY3d 216, 222-223 [2013]). A defendant cannot meet this burden unless he or she proves that no “strategic or other legitimate explanations” existed to justify counsel’s perceived inadequacies (People v Duffy, 119 AD3d 1231, 1234 [2014], lv denied 24 NY3d 1043 [2014]; see People v Rivera, 71 NY2d 705, 709 [1988]), and any criticisms of counsel’s performance must amount to more than “a simple disagreement with [counsel’s] strategies” (People v Flores, 84 NY2d 184, 187 [1994]; see People v McRobbie, 97 AD3d 970, 972 [2012], lv denied 20 NY3d 934 [2012]).
 

 First, addressing voir dire, “[a] counsel’s decision to challenge a potential juror is a tactical one that this Court will not typically second-guess” (People v Pinkney, 90 AD3d 1313, 1316-1317 [2011]). The juror at issue stated during voir dire that he knew multiple police officers and was a retired correction officer, but he assured County Court that he would decide the case based on the evidence and did not believe his background would place defendant at a disadvantage. Counsel exercised peremptory challenges on several other potential jurors who had connections to police officers. Defendant failed to establish that counsel lacked a legitimate strategy in choosing not to remove this particular juror (see People v Slack, 137 AD3d 1568, 1570 [2016], lv denied 27 NY3d 1139 [2016]). Second, because the record does not disclose counsel’s decision-making process regarding whether to hire an expert, that complaint is not properly raised on direct appeal and would more appropriately be the subject of a CPL article 440 motion (see People v Scaringe, 137 AD3d 1409, 1418 [2016], lv denied 28 NY3d 936 [2016]).
 

 Third, regardless of whether the verdict was repugnant, counsel could have made a tactical choice not to object. An objection would have permitted County Court to resubmit the entire matter to the jury to obtain a verdict that was consistent, which would have exposed defendant to the possibility that the jury would change its vote on the count of rape in the first degree from acquittal to conviction (see People v Alfaro, 66 NY2d at 987; People v Perry, 27 AD3d at 953). We cannot say that it would be an unreasonable strategy for an attorney to avoid even the possibility of such an occurrence. Considering counsel’s representation as a whole, which included pursing a reasonable defense strategy, making persuasive opening and closing statements and obtaining an acquittal on the highest count, defendant received meaningful representation (see People v Wiltshire, 96 AD3d 1227, 1230 [2012], lv denied 22 NY3d 1204 [2014]).
 

 Furthermore, County Court did not abuse its discretion in denying defendant’s request for youthful offender status, considering the nature of the crime, the Probation Department’s recommendation and that defendant lied to the police more than once, showed no remorse and continued to blame the victim (see People v Green, 128 AD3d 1282, 1283 [2015]; People v Fernandez, 106 AD3d 1281, 1286 [2013]). Finally, the sentence was not harsh or excessive.
 

 Peters, P.J., Rose, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.