People v Sostre (2019 NY Slip Op 03846)





People v Sostre


2019 NY Slip Op 03846


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

109380

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DAYVON SOSTRE, Appellant.

Calendar Date: March 21, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Rumsey, JJ.


Danielle Neroni Reilly, Albany, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered April 12, 2017, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the seventh degree.
In June 2016, defendant was a passenger in a car that was stopped by State Trooper Eric VanBramer for violations of the Vehicle and Traffic Law. Upon approaching the vehicle, VanBramer detected the odor of marihuana and asked both the driver and defendant for identification. When defendant was unable to provide identification, VanBramer ordered defendant to exit the vehicle. When State Trooper David Notarino arrived on the scene, he and VanBramer conducted a search of the vehicle, finding a red duffel bag on the rear passenger seat and, within that duffel bag, a smaller red toiletry bag that contained marihuana. The search was continued with a canine, who alerted when it neared the duffel bag. Upon a further search of the duffel bag, the troopers found an unloaded semiautomatic handgun, ammunition, cocaine and defendant's workplace photo identification and pay stub. Defendant was thereafter charged by indictment with criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the fifth degree. After a hearing, County Court denied defendant's motion to suppress the evidence that was seized during the search of the vehicle. Prior to trial, the charge of criminal possession of a controlled substance in the fifth degree was reduced to criminal possession of a controlled substance in the seventh degree. After a jury trial, defendant was found guilty of both charges and was thereafter sentenced, as a second violent felony offender, to a prison term of 10 years, to be followed by five years of postrelease supervision, for his conviction of criminal possession of a weapon in the second degree, and to a concurrent term of incarceration of one year for his conviction of criminal possession of a controlled substance in the seventh degree. Defendant appeals.
Defendant argues that County Court erred in denying his motion to suppress the evidence that was seized upon the search of the vehicle. Defendant does not dispute that [*2]VanBramer had the authority to stop the vehicle based upon violations of the Vehicle and Traffic Law; however, he contends that the length and circumstances of the continued detention were not justified. "As for the ensuing search of the vehicle, it is settled that the odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, is sufficient to constitute probable cause to search a vehicle and its occupants" (People v Dolan, 165 AD3d 1499, 1500 [2018] [internal quotation marks and citations omitted]). At the suppression hearing, VanBramer testified that, upon approaching the passenger side of the vehicle, he "smelled an odor of marihuana emitting from the vehicle," and that he conducted the search only after neither the driver nor defendant — who claimed to be cousins — could provide the other person's last name. Deferring to County Court's determination that VanBramer was a credible witness, we conclude that County Court properly denied defendant's suppression motion (see People v Acevedo, 118 AD3d 1103, 1106 [2014], lv denied, 26 NY3d 925 [2015]).
We similarly find no error in County Court's admission of a redacted audio recording of a phone call placed from the jail where defendant was held prior to trial. Defendant's contention that the People failed to establish a proper foundation by failing to establish that defendant was the speaker is unavailing. In that regard, "a speaker's identity may be proven through circumstances surrounding the recorded conversation, which must include sufficient indicia of reliability, such as the substance of the conversation confirming the identity of the party" (People v Lancaster, 121 AD3d 1301, 1304 [2014] [internal quotation marks and citation omitted], lv denied 24 NY3d 1121 [2015]). In that regard, use of personal identification numbers (hereinafter PINs) that are required to place a phone call are sufficient indicia of reliability (see People v Racks, 125 AD3d 692, 694 [2015], lv denied 25 NY3d 992 [2015]). Marcus Decker, a sergeant in the Albany Crime Analysis Center, testified that, to place a phone call from the jail where defendant was held following his arrest, an inmate must enter two PINs that are assigned to him or her by the jail and, further, that the PINs assigned to defendant were used to place the relevant phone call. Moreover, the phone call was purportedly placed to defendant's mother, and the caller refers to the woman with whom he is speaking as his mother.[FN1]
Defendant further argues that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. "When considering a challenge to the legal sufficiency of the evidence, we view the evidence in the light most favorable to the People and evaluate whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged. Moreover, in assessing the weight of the evidence, where, as here, a different verdict would not have been unreasonable, this Court must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony. In conducting a weight of the evidence analysis, we must give deference to the jury's credibility assessments" (People v Anatriello, 161 AD3d 1383, 1384-1385 [2018] [internal quotation marks and citations omitted], lv denied 31 NY3d 1144 [2018]).
Defendant specifically contends that the evidence was legally insufficient to convict him of either charge because it did not establish his possession of the weapon, ammunition and drugs that were found in the duffel bag. As an occupant of the vehicle in which the weapon, ammunition and cocaine were found, defendant was presumed to be in possession of those items (see Penal Law §§ 220.25 [1]; 265.15 [3]). The evidence, viewed in the light most favorable to the People, fails to rebut the presumption. Indeed, VanBramer's testimony that he found defendant's workplace identification and pay stub in the front pocket of the duffel bag tends to establish that the duffel bag and its contents belonged to, or were in possession of, defendant. VanBramer's testimony also rebuts defendant's claim that his workplace identification and pay stub were planted in the duffel bag by the driver. VanBramer testified that, although he conducted an interview of defendant while both were standing near the rear of the vehicle, he maintained an unobstructed view of the driver, who remained in the vehicle and faced forward [*3]the entire time without making any movement toward the rear seat, where the duffel bag was located. Thus, the evidence was legally sufficient to support the convictions.
Turning to the weight of the evidence analysis, a different verdict would not have been unreasonable in light of defendant's testimony. Although it is undisputed that a weapon, ammunition, cocaine and defendant's workplace identification and pay stub were recovered from the duffel bag that was taken from the rear seat of the vehicle in which defendant was a passenger, defendant denied having had any knowledge of the existence of the duffel bag. Further, defendant also testified that he had placed his workplace identification and pay stub in the center console of the vehicle and argued that the driver must have moved them to the duffel bag during the traffic stop. However, defendant did not produce his workplace identification in response to VanBramer's inquiry, notwithstanding his claim that it was readily available. Moreover, VanBramer testified that he maintained an unobstructed view of the driver during the entire time that the driver remained in the vehicle, and that he did not see the driver make any movements toward the duffel bag. Further, during the phone call that defendant made to his mother from the jail, he told her that he could not tell her over the phone why he had been headed to the City of Troy, Rensselaer County when he was arrested, directly contradicting his prior testimony that his mother had invited him to dinner that evening. When we view this evidence in a neutral light and defer to the jury's credibility assessments, we find that defendant's convictions are supported by the weight of the evidence.
Defendant's various claims of prosecutorial misconduct during the People's summation were not preserved for our review by specific objections at trial (see People v Tonge, 93 NY2d 838, 839-840 [1999]; People v Stanford, 130 AD3d 1306, 1309 [2015], lv denied 26 NY3d 1043 [2015]). We decline defendant's invitation to take corrective action in the interest of justice. Were this issue properly before us, however, we would find that the challenged statements were fair commentary on the evidence and issues in the case that did not improperly shift the burden of proof to defendant (see People v Stanford, 130 AD3d at 1309).
Defendant further argues that he was denied the effective assistance of counsel. " To prevail on an ineffective assistance claim, a defendant bears the burden of demonstrating that defense counsel deprived him or her of a fair trial by providing less than meaningful representation" (People v Perry, 154 AD3d 1168, 1171 [2017] [internal quotation marks and citations omitted]). "This standard is not amenable to precise demarcation and necessarily hinges upon the facts and circumstances of each particular case. A reviewing court must avoid confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis. In short, the Constitution guarantees a defendant a fair trial, not a perfect one" (People v De Marco, 33 AD3d 1045, 1046 [2006] [internal quotation marks, brackets and citations omitted]).
Defendant specifically contends that counsel was ineffective by failing to challenge potential jurors for bias, by failing to impeach VanBramer's testimony regarding whether he smelled both fresh and burnt marihuana and by failing to seek a pretrial ruling on the audibility of the recorded phone call. These alleged errors are a speculative effort to second-guess trial strategy. Our review of the record shows that defense counsel provided meaningful representation by pursing a rational trial strategy — that the driver placed defendant's identification and other work documents into the duffel bag while defendant was speaking with VanBramer — conducting a meaningful voir dire of prospective jurors, effectively cross-examining the People's witnesses and delivering cogent opening and closing statements that were consistent with the trial strategy (see People v Perry, 154 AD3d at 1171; People v Turner, 37 AD3d 874, 876-877 [2007], lv denied 8 NY3d 991 [2007]; People v De Marco, 33 AD3d at 1045).
Finally, defendant did not preserve his claim that the sentence imposed constituted a penalty for exercising his constitutional right to a jury trial (see People v Williams, 163 AD3d 1160, 1166 [2018], lvs denied 32 NY3d 1170, 1179 [2019]; People v Luciano, 152 AD3d 989, 995 [2017], lv denied 30 NY3d 1020 [2017]). We also reject defendant's contention that his [*4]sentence — which was less than the maximum permissible term — should be reduced in the interest of justice. " A sentence that falls within the permissible statutory range will not be disturbed unless it can be shown that the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification" (People v Vega, 170 AD3d 1266, 1274 [2019] [internal quotation marks and citations omitted]). We find no such extraordinary circumstances or abuse of discretion that warrant modification in the interest of justice in light of defendant's previous conviction for the criminal possession of a weapon in the second degree and his failure to accept responsibility for his actions (see People v Williams, 163 AD3d at 1166). Defendant's remaining contentions have been examined and found to lack merit.
Garry, P.J., Clark, Mulvey and Devine, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: We note that we find the audio recordings of the phone call to be audible.