People v Walker (2021 NY Slip Op 00208)





People v Walker


2021 NY Slip Op 00208


Decided on January 14, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

110150

[*1]The People of the State of New York, Respondent,
v
Ismael Walker, Also Known as Mike, Appellant.

Calendar Date: December 16, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Catherine A. Barber, Guilderland, for appellant, and appellant pro se.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the Supreme Court (Hogan, J.), rendered December 13, 2017 in Schenectady County, upon a verdict convicting defendant of the crimes of rape in the first degree, strangulation in the second degree and unlawful imprisonment in the second degree.
In January 2017, based on an incident during which defendant allegedly assaulted the victim inside an apartment and in the common hallway and trash room on the same floor, defendant was charged by indictment with the crimes of burglary in the first degree as a sexually motivated felony, two counts of rape in the first degree, criminal sexual act in the first degree, two counts of strangulation in the second degree, assault in the second degree and unlawful imprisonment in the second degree. County Court (Sypniewski, J.) denied defendant's motion to suppress his statements to police. Following a trial in Supreme Court, the jury convicted defendant of one count each of rape in the first degree, strangulation in the second degree and unlawful imprisonment in the second degree based on conduct in the hallway and trash room, and acquitted him of the remaining counts related to conduct in the apartment. Supreme Court sentenced defendant to a prison term of 25 years, to be followed by 20 years of postrelease supervision, on the conviction of rape in the first degree, a consecutive prison term of seven years, to be followed by three years of postrelease supervision, on the conviction of strangulation in the second degree [FN1] and a concurrent one-year term of incarceration on the conviction of unlawful imprisonment in the second degree. Defendant appeals.
The verdict is not against the weight of the evidence. By not renewing his motion for a trial order of dismissal after the presentation of his defense case, defendant failed to preserve his legal sufficiency challenge (see People v Persen, 185 AD3d 1288, 1289 [2020]; People v Drayton, 183 AD3d 1008, 1008-1009 [2020], lv denied 35 NY3d 1065 [2020]). "Nevertheless, as part of our weight of the evidence review, we necessarily determine whether the People proved each element of the charged crimes beyond a reasonable doubt" (People v Persen, 185 AD3d at 1289 [citations omitted]; see People v Drayton, 183 AD3d at 1009). "[W]here, as here, it would not have been unreasonable for the jury to have reached a different verdict, we must weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence" (People v Persen, 185 AD3d at 1289). "When conducting this review, we consider the evidence in a neutral light and defer to the jury's credibility assessments" (People v McCabe, 182 AD3d 772, 773 [2020] [internal quotation marks and citations omitted]).
To prove rape in the first degree as alleged here, the People were required to show that defendant engaged "in sexual intercourse with another [*2]person . . . [b]y forcible compulsion" (Penal Law § 130.35 [1]). As to strangulation in the second degree, the People had to show that defendant "obstruct[ed the victim's] breathing or blood circulation . . . and thereby cause[d] stupor, loss of consciousness for any period of time, or any other physical injury or impairment" (Penal Law § 121.12). To prove that defendant committed unlawful imprisonment in the second degree, the People had to show that he "restrain[ed] another person" (Penal Law § 135.05).
Regarding the counts of which defendant was convicted, the victim testified that defendant shoved her, knocked her to the ground in the hallway, choked her to the point that she lost consciousness, dragged her to the trash room and engaged in sexual intercourse without her consent. Photographs depicted blood on the apartment door and hallway wall, scratches on defendant's back and dried blood and bruising on the victim's face, neck, chest, arms and hands. Medical records also noted the victim's injuries. A video from the hallway shows defendant struggling with the victim, putting his arms and hands around her neck, and then leading her to the trash room. Two police officers testified that when they discovered defendant and the victim in the trash room, defendant was shirtless, had his pants down and was lying on top of the victim in between her legs. One of the officers specifically testified that it appeared like defendant was penetrating the victim. The victim had no pants on and mouthed "help me" to that officer.
Defendant testified that, after they had consensual sex in the apartment and the victim ingested crack cocaine, she began acting unusual and ran into the hallway. He testified that he followed her for her safety and put her in a headlock, which was not tight, to get her under control. According to defendant, because they were partially naked and the apartment door had locked when they went into the hallway, they went into the trash room but did not do anything there and were standing in different corners of the room when the police arrived.
A different verdict would not have been unreasonable had the jury accepted defendant's version of events. However, the victim's lengthy criminal history and addictions to alcohol and crack cocaine, which were explored during her testimony, did not render her incredible per se. Although the jury did not accept the entirety of the victim's testimony — as is clear from its acquittal on numerous charges — we defer to the jury's credibility determination in favor of the victim's testimony regarding what happened in the hallway and trash room (see People v Jabaut, 111 AD3d 1140, 1144 [2013], lv denied 22 NY3d 1139 [2014]). Considering that testimony, as well as the supporting testimony and exhibits, in a neutral light, the proof established that defendant committed strangulation in the second degree, rape in the first degree and unlawful imprisonment in the second degree in either the [*3]hallway or the trash room (see People v McCabe, 182 AD3d at 773-774; People v Sostre, 172 AD3d 1623, 1626 [2019], lv denied 34 NY3d 938 [2019]; People v Manigault, 150 AD3d 1331, 1332-1333 [2017], lv denied 29 NY3d 1130 [2017]; People v Haardt, 129 AD3d 1322, 1323-1324 [2015]).
County Court properly denied defendant's suppression motion. The People concede that defendant was handcuffed, in custody and had not been Mirandized at the time that he made the statement at issue. However, the officer did not interrogate defendant when she told him to relax and that she was in control. Because this simple administrative instruction — which did not call for a verbal response — could not "reasonably have been anticipated to evoke a statement from . . . defendant," defendant's statement to the officer was spontaneous and need not be suppressed (People v Rivers, 56 NY2d 476, 480 [1982]; see People v Higgins, 124 AD3d 929, 932 [2015]; People v Starks, 37 AD3d 863, 864-865 [2007]; compare People v George, 127 AD3d 1496, 1497 [2015]).
Defendant failed to preserve his arguments that the verdict was repugnant (see People v Satloff, 56 NY2d 745, 746 [1982]; People v Burwell, 183 AD3d 173, 183 [2020], lv denied 35 NY3d 1043 [2020]; People v Poulin, 159 AD3d 1049, 1052-1053 [2018], lv denied 32 NY3d 940 [2018]), that Supreme Court relied upon improper factors at sentencing (see People v Hooks, 148 AD3d 930, 931 [2017], lv denied 29 NY3d 1081 [2017]), and that the person presiding over the trial was allegedly not a judge. Considering defendant's criminal history and the brutal attack on the victim, we cannot say that imposition of the maximum sentence was harsh or excessive (see People v Wright, 149 AD3d 1417, 1418 [2017]; People v Johnson, 131 AD3d 728, 729 [2015]).
Garry, P.J., Egan Jr., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Although Supreme Court initially imposed an unlawful five-year term of postrelease supervision for the strangulation conviction, in March 2018 the court resentenced defendant to a legally permissible term of three years of postrelease supervision. Defendant did not appeal from the resentencing.