■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELTON SHARPE, Appellant.—Judgment, Supreme Court, New York County (Leon Becker, J.), rendered March 17, 1989, convicting defendant, after a jury trial, of assault in the second degree, resisting arrest, and criminal sale of marihuana in the fourth degree, and sentencing him, as a predicate felon, to concurrent prison terms of from 3 to 6 years, 1 year, and 90 days, respectively, unanimously affirmed.

Defendant, after allegedly having sold marihuana to an undercover police officer, then purportedly assaulted one officer and resisted arrest. Defendant contends initially that the court's *Sandoval* ruling, allowing cross-examination into defendant's use of aliases, false places of birth, and nine prior convictions (limiting inquiry to the underlying facts of only two of those convictions), prejudiced defendant by the sheer number of convictions permitted to be disclosed. In view of the nature of the prior crimes, however, the dissimilarity of the crimes for which examination into the underlying facts was permitted and the fact that defendant had 37 prior convictions, we perceive no abuse of discretion *(cf., People v Bowles,*

132 AD2d 465, *lv denied* 70 NY2d 798). Nor, do we think, was there any error in allowing inquiry into the use of false names and birth places; the full scope of the inquiry was properly to be resolved if defendant took the stand *(People v Walker,* 119 AD2d 521).

Defendant also contends that he was deprived of a fair trial by the trial court's refusal to allow defendant to call the trial prosecutor to the stand to discredit the testimony of one of the police officers who had denied reviewing his prospective trial testimony with the trial prosecutor.

A decision to permit such testimony rests within the sound discretion of the trial court. *(People v Paperno,* 54 NY2d 294, 302-303.) The denial of the request was proper, as the defense was able to effectively present its arguments by comparing the other officer's testimony to that given by the remaining officers, who had in fact admitted discussing their prospective testimony with the prosecution. While defendant claims the court violated the rule of *Brady v Maryland* (373 US 83) by not permitting him to call the prosecutor to the stand, the prosecutor's testimony was not "material" within the meaning of *Brady* and thus did not raise a *Brady* issue. *(See, United States v Bagley,* 473 US 667, 682.) Concur—Sullivan, J. P., Carro, Wallach and Rubin, JJ.