■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY WINDLEY, Also Known as OMAR, Appellant. [645 NYS2d 103] —Cardona, P. J.

On August 16, 1994, indictment No. 594-15 was returned against defendant charging him with two counts of robbery in the second degree and one count each of assault in the third degree and criminal mischief in the fourth degree for incidents occurring on June 27, 1994 in the City of Schenectady, Schenectady County. Defendant was arraigned on the indictment in County Court on August 18, 1994 and entered a plea of not guilty. On March 15, 1995, defendant was arraigned in Schenectady City Court on an unrelated felony complaint that charged him with robbery in the second degree for an incident which occurred on February 13, 1995. Appearing in County Court later that same day, defendant agreed to plead guilty to both the first count of indictment No. 594-15, charging robbery in the second degree, and to a second count of robbery in the second degree, stemming from the February 13, 1995 incident, to be contained in a superior court information to be filed in County Court at the time of his sentencing on the first count. In return for his guilty pleas, defendant was to receive two concurrent sentences of 2$^1$/$_2$ to 7$^1$/$_2$ years in prison. Thereafter, on the same date, defendant pleaded guilty to the first count of indictment No. 594-15 charging robbery in the second degree.

On March 23, 1995, County Court sentenced defendant to a term of 2$^1$/$_2$ to 7$^1$/$_2$ years in prison. In the same proceeding, defendant executed a waiver of indictment. The People filed superior court information No. 95-65 in County Court charging defendant with robbery in the second degree. Defendant pleaded guilty and County Court imposed a second 2$^1$/$_2$ to 7$^1$/$_2$ concurrent prison term in accordance with the plea bargain. Defendant appeals.

Initially, we reject defendant's contention that the superior

court information was defective because he was not " 'held * * * for the action of a grand jury' " (*People v Chamberlain*, 221 AD2d 869, quoting CPL 195.10 [1] [a]) in that no hearing on the felony complaint was held (*see*, CPL 180.70 [1]) and allegedly no waiver of such a hearing was made (*see*, CPL 180.30 [1]). This Court has stated that the transfer of a matter to County Court presumptively establishes that a defendant has been held for action of the Grand Jury in accordance with CPL 180.30 (1) (*see*, *People v Washington*, 138 AD2d 857). Moreover, the record contains a written approval from County Court indicating that it was satisfied that the waiver of indictment was proper and the provisions of, *inter alia*, CPL 195.10 were met (*see*, *People v McCarthy*, 186 AD2d 1067, *lv denied* 81 NY2d 843). Inasmuch as there is nothing in the record to confirm defendant's unsupported assertion that proper procedures were not followed, we conclude that the matter was properly transferred to County Court for disposition.

Defendant also contends that the waiver of indictment form was jurisdictionally defective because it failed to comply with the "approximate time" and "approximate place" requirements prescribed in CPL 195.20. The instant waiver of indictment recites that a superior court information will be filed against defendant charging robbery in the second degree "committed on or about February 13, 1995, in the City and County of Schenectady, State of New York". Contrary to defendant's contention, where, as here, time is not an essential element of the crime (*see*, Penal Law § 160.10 [1] [robbery in the second degree]; *cf.*, *People v Morris*, 61 NY2d 290, 295) and the waiver of indictment provides an approximate date for the commission of the offense, we find that the failure to recite the time of the commission of the offense in the waiver of indictment does not vitiate defendant's waiver as a violation of the constitutional right to indictment by Grand Jury, since the defect does not affect the "fundamental * * * mode of [the waiver] procedure" (*People v Patterson*, 39 NY2d 288, 295; *see, e.g.*, *People v Boston*, 75 NY2d 585 [holding that a waiver of indictment pursuant to CPL 195.10 occurring after indictment was ineffective]) prescribed in NY Constitution, article I, § 6 and CPL 195.10. In such circumstances, the missing information can be provided in a bill of particulars (*cf.*, *People v Morris*, *supra*, at 293-294).

Furthermore, our examination of the history of CPL 195.20 (*see*, Mem of State Executive Dept, 1974 McKinney's Session Laws of NY, at 2006; Governor's Mem, 1974 McKinney's Session Laws of NY, at 2095) does not support defendant's restric-

tive interpretation of "approximate place" as the "street address" where the offense was committed. In our opinion, designation of the county is sufficient (cf., CPL 200.50 [5]; Matter of Frederick QQ., 209 AD2d 832, lv denied 85 NY2d 802). "It is axiomatic in our jurisprudence that a waiver of a substantial right must be made knowingly and intelligently" (People v Weinberg, 34 NY2d 429, 431). Here the waiver of indictment provided fair notice of the approximate date, place and nature of the accusation to be filed against defendant. Armed with this information, defendant was in a position to exercise a knowing and intelligent waiver of his right to indictment. Accordingly, we hold that the waiver of indictment satisfied the requirements of CPL 195.20.

As a final matter, we have examined defendant's claim that the sentence imposed upon his plea of guilty in satisfaction of indictment No. 594-15 was harsh and excessive. The bargained-for sentence was within the statutory guidelines. Given the nature of the crime involved, we cannot say that County Court abused its discretion nor do we discern extraordinary circumstances warranting a modification in the interest of justice (see, People v Dworakowski, 208 AD2d 1129, lv denied 84 NY2d 1031; People v Ingram, 175 AD2d 966, lv denied 78 NY2d 1077).

Mikoll, Mercure, White and Spain, JJ., concur. Ordered that the judgments are affirmed.