■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIKE SMITH, Appellant. [692 NYS2d 317] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered February 27, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The totality of the conduct of defendant and the other participants, including directions given by defendant, permitted the jury to reasonably conclude that defendant was acting in concert in the drug transaction.

The court properly exercised its discretion in denying defendant's application to have the trial prosecutor recused and called as a defense witness concerning a prior inconsistent statement made by the arresting officer and recorded by the trial prosecutor. There was no need for the prosecutor to testify, since defendant was able to elicit fully the matter in question through the arresting officer, who acknowledged the inconsistent statement (*see, People v Sharpe*, 167 AD2d 296, *lv denied* 77 NY2d 911). Although the fact that the trial prosecutor personally recorded the inconsistent statement was mentioned during the officer's testimony, the prosecutor's pretrial activity was not a material issue in the case and there was no prejudice to defendant resulting from the prosecutor's participation in the trial (*see, People v Paperno*, 54 NY2d 294). Defendant's further contention that the trial court violated the law of the case doctrine by failing to abide by the decision of a prior court disqualifying the prosecutor is unpreserved for this Court's review. Defendant never claimed that the prior court had made a final ruling, but instead indicated that the prior ruling had been advisory and contingent. We decline to review this claim in the interest of justice. Were we to review it, we would find that the trial court's ruling was based on new information not before the prior court.

We perceive no abuse of sentencing discretion. Concur— Ellerin, P. J., Nardelli, Mazzarelli and Saxe, JJ.