■ GLORIA SANCHEZ, Appellant, v CITY OF NEW YORK et al., Defendants, and MYSTIC TRANSPORTATION, INC., Respondent. [698 NYS2d 670] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered July 21, 1998, which, to the extent appealed from as limited by the brief, granted the motion of defendant Mystic Transportation, Inc. (Mystic) to preclude plaintiff, pursuant to CPLR 3126 (2), from offering or relying on photographs at trial to prove negligence on the part of Mystic or from introducing evidence as to any claim for special damages against Mystic, unanimously affirmed, without costs.

Plaintiff's numerous and unexplained failures to comply with longstanding and still outstanding discovery obligations justify the inference that her noncompliance with discovery has been willful and contumacious (*see, Cano v BLF Realty Holding Corp.*, 243 AD2d 390; *Glasburgh v Port Auth.*, 193 AD2d 441). Accordingly, the IAS Court properly precluded plaintiff, pursuant to CPLR 3126 (2), from introducing or from relying upon the aforementioned evidence in her case against Mystic. Concur—Sullivan, J. P., Wallach, Rubin, Saxe and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIONEL JOHNSON, Appellant. [698 NYS2d 478] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered February 27, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was ample evidence of defendant's participation in the drug transaction, including his unequivocal affirmative response to the undercover officer's query as to whether he was "working" as well as his conduct throughout the transaction.

Defendant's various arguments concerning his application to have the trial prosecutor recused are indistinguishable from arguments this Court rejected on a codefendant's appeal (*People v Smith*, 262 AD2d 77), and we see no reason to reach a different result herein. Concur—Sullivan, J. P., Wallach, Rubin, Saxe and Friedman, JJ.