■ PRECIOUS CALDWELL, Respondent, v PARTY RENTAL LTD., Appellant. [740 NYS2d 624] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about July 28, 2001, which, in an action by an employee of a caterer against a furniture rental company for personal injuries sustained when he sat on a folding chair that collapsed, granted plaintiff's motion pursuant to CPLR 3126 to strike defendant's answer to the extent of precluding defendant from denying ownership of the chair in question, unanimously affirmed, with costs.

The challenged sanction was properly imposed in the absence of a reasonable explanation for defendant's noncompliance with court orders directing production of its routing sheet for the day of the accident (*see, Sanchez v City of New York*, 266 AD2d 127). The only explanation offered on the motion resulting in the appealed order—that the original routing sheet could not be found but that a copy was supplied—is patently false. None of the documents attached to the opposition could possibly be mistaken for the routing sheet as described in the deposition of defendant's office administrator. Even if we were to review the unappealed order denying defendant's motion to reargue or renew, we would reject as unreasonable defendant's excuse offered therein that plaintiff's and the court's incorrect references to the "routing slip" instead of "routing sheet" led it to mistakenly believe that the requested document was the "purchasing slip," which was produced. We have also considered and rejected defendant's claim that the information contained in the routing sheet has been obtained through other documents already produced, and that the sanction is therefore unnecessarily drastic. Concur—Nardelli, J.P., Buckley, Rosenberger, Ellerin and Rubin, JJ.