### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  July 14, 2016                    107684
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
               Respondent,

     v                              MEMORANDUM AND ORDER

ANGEL GARCIA,
               Appellant.
_____


Calendar Date:  May 27, 2016

Before:  McCarthy, J.P., Rose, Devine, Clark and Aarons, JJ.

_____


     Matthew C. Hug, Albany, for appellant.

     P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.

_____


Clark, J.

     Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered September 17, 2014, upon a verdict convicting defendant of the crime of sexual abuse in the first degree (two counts).

     In 2013, defendant was charged in a superseding indictment with two counts of sexual abuse in the first degree based upon his sexual contact with the victim (born in 1997) "on an unknown date on or about and between May 1, 2003 and October 1, 2003." The victim disclosed the abuse to law enforcement in 2012 at the age of 15.  Upon defendant's discovery demands and request for a bill of particulars, including a request for further specification as to the date and time of the alleged crimes, the People stated that the conduct constituting both counts of sexual

abuse in the first degree occurred on the same date during the "daytime hours," but that the victim could not recall the precise date on which the abuse occurred. County Court denied defendant's subsequent motion to dismiss the superseding indictment on the basis that, among other things, the time interval alleged was overly broad. Following a jury trial, defendant was convicted as charged and sentenced to two concurrent prison terms of five years, followed by 10 years of postrelease supervision. Defendant appeals.

Defendant contends that the verdict was against the weight of the evidence. Where, as here, a different verdict would not have been unreasonable, we "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Romero, 7 NY3d 633, 643 [2006] [internal quotation marks and citations omitted]; see People v Colvin, 37 AD3d 856, 857 [2007], lv denied 8 NY3d 944 [2007]). Here, the victim testified in detail about the circumstances surrounding the sexual contact to which defendant – her godfather – subjected her when she was six years old. In particular, the victim stated that she went to defendant's apartment to deliver food from her mother and to ask if defendant's granddaughter was available to play. She asserted that, while she was waiting in the living room, defendant came up behind her and began touching her vagina and, a few minutes later, grabbed her arm and brought her to the bedroom, where he placed her on the bed and again touched her vagina. While defendant asserts that the veracity of the victim's account was undermined by her prior inconsistent statements, as well as her parents' application for a U-Visa based on her status as a crime victim, such matters were explored on cross-examination and presented credibility issues for the jury (see People v Thiel, 134 AD3d 1237, 1239 [2015]; People v Fernandez, 106 AD3d 1281, 1285 [2013]). Viewing the evidence in a neutral light and according due deference to the jury's factual and credibility determinations, we are satisfied that the verdict was supported by the weight of the evidence (see People v Brown, 114 AD3d 1017, 1018-1019 [2014]; People v Galloway, 93 AD3d 1069, 1071 [2012], lv denied 19 NY3d 996 [2012]).

Defendant also argues that the five-month period alleged in

the superseding indictment deprived him of the ability to adequately prepare a defense and that the People did not allege the most particular time frame possible. "When time is not an essential element of an offense, the indictment, as supplemented by a bill of particulars, may allege the time in approximate terms[, so long as it] set[s] forth a time interval which reasonably serves the function of protecting [the] defendant's constitutional right to be informed of the nature and cause of the accusation" (People v Watt, 81 NY2d 772, 774 [1993] [internal quotation marks and citations omitted]; accord People v Porlier, 55 AD3d 1059, 1060 [2008]). "Reasonableness and fairness demand that the indictment state the date and time of the offense to the best of the People's knowledge, after a reasonably thorough investigation has been undertaken to ascertain such information" (People v Morris, 61 NY2d 290, 296 [1984]; see People v Jabot, 93 AD3d 1079, 1080 [2012]). In assessing whether a more precise date could have been ascertained through diligent efforts, we may consider the age and intelligence of the victim, the relevant circumstances and "the nature of the offense, including whether it is likely to occur at a specific time or is likely to be discovered immediately" (People v Morris, 61 NY2d at 296; see People v Watt, 81 NY2d at 774-775). If we conclude that the People made diligent efforts, we then determine whether the time period alleged was reasonable by considering, among other factors, the ability of the victim to particularize the date of the offense and the passage of time between the alleged offense and the defendant's arrest and/or the date of the indictment (see People v Morris, 61 NY2d at 296).

Defendant failed to demonstrate that the People were aware of and disregarded a narrower time frame, and we are unpersuaded that they failed to make diligent efforts to ascertain the most precise time period. While the victim testified at trial that the abuse took place two weeks before her sister's birthday in July and that she had told the prosecutor this, the prosecutor stated, outside the presence of the jury, that the victim had never before discussed the date of the abuse with such specificity. The prosecutor asserted that, notwithstanding extensive questioning aimed at narrowing the time frame, the victim was previously only able to recall that her younger sister was crawling and learning to walk and that she was wearing shorts

and flip flops at the time of the offenses.  County Court credited the prosecutor's statement that the victim had never before given a two-week time frame, noting that the victim had made inconsistent statements regarding the time period.  It is not implausible that the victim initially had difficulty recalling the date of the offenses, given that she was six years old at the time, did not disclose the abuse until roughly eight years later and, by her own account, had spent those eight years trying to suppress her memories of the incident.  Her disclosure came only after defendant approached and apologized to her for what he had done.  Additionally, defendant lived in the same apartment building as the victim and was a close family friend and, therefore, had regular access to the victim.  Under all of these circumstances, including the nature of the offenses, the five-month period alleged in the superseding indictment was reasonable (see People v Watt, 84 NY2d 948, 950-951 [1994]; People v Griswold, 95 AD3d 1454, 1455 [2012], lv denied 19 NY3d 997 [2012]; People v Oglesby, 12 AD3d 857, 859 [2004], lv denied 5 NY3d 792 [2005]).  Moreover, inasmuch "as his defense was a categorical denial of any abuse or sexual contact," the People's inability to pinpoint a more precise time period prior to trial did not deprive defendant of the ability to prepare a defense (People v Porlier, 55 AD3d at 1060; see People v Watt, 84 NY2d at 951).

Defendant argues that County Court abused its discretion in denying his request to call the prosecutor as a witness to testify that the victim had never before stated that the abuse occurred two weeks before her sister's birthday or his alternative request for an adverse inference charge.  The determination to permit a defendant "to call the prosecutor as a witness rests in the sound discretion of the trial court" (People v Paperno, 54 NY2d 294, 302-303 [1981]; see People v Sharpe, 167 AD2d 296, 297 [1990], lv denied 77 NY2d 911 [1991]).  Here, as defense counsel had an ample opportunity to cross-examine the victim as to her prior inconsistent statements relating to the time frame and was able to attack the credibility of the victim through such cross-examination, County Court did not abuse its discretion in denying defendant's requests (see People v DiTucci, 81 AD3d 1249, 1250 [2011], lv denied 17 NY3d 794 [2011]; People v Smith, 262 AD2d 77, 78 [1999], lv denied 93 NY2d 1027 [1999];

People v Sharpe, 167 AD2d at 297).

　　　　We further disagree with defendant's assertion that the second count of sexual abuse in the first degree should be dismissed as multiplicitous.  The two instances of sexual contact occurred in separate rooms in defendant's home and the second instance occurred after "a few minutes" had passed.  Thus, as defendant's conduct did not constitute a single, uninterrupted occurrence of sexual contact, the indictment was not multiplicitous (see People v Grosso, 281 AD2d 986, 988 [2001], lv denied 96 NY2d 800 [2001]; compare People v Alonzo, 16 NY3d 267, 270 [2011]).

　　　　Finally, the sentence imposed upon defendant, which was less than the maximum permissible term (see Penal Law § 70.80 [4] [a] [iii]), was not harsh or excessive and, in the absence of an abuse of discretion or the existence of extraordinary circumstances warranting a reduction, we decline to disturb it (see People v Cook, 112 AD3d 1065, 1066 [2013]; People v Lemke, 58 AD3d 1078, 1080 [2009]; People v Shook, 294 AD2d 710, 713-714 [2002], lv denied 98 NY2d 702 [2002]).  Defendant's remaining contentions, including his challenges to certain evidentiary rulings made by County Court, have been examined and found to be lacking in merit.

　　　　McCarthy, J.P., Rose, Devine and Aarons, JJ., concur.

ORDERED that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).


ENTER:

Robert D. Mayberger
Clerk of the Court