People v Busch-Scardino (2018 NY Slip Op 07979)





People v Busch-scardino


2018 NY Slip Op 07979


Decided on November 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2018

109234

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
NANCY BUSCH-SCARDINO, Appellant.

Calendar Date: October 17, 2018

Before: Garry, P.J., McCarthy, Lynch, Aarons and Rumsey, JJ.


Brian M. Callahan, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Jennifer Uhl, Law Intern), for respondent.



MEMORANDUM AND ORDER
McCarthy, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered February 2, 2017, convicting defendant upon her plea of guilty of the crime of aggravated criminal contempt.
In connection with an incident during which defendant entered a residence in violation of a duly served order of protection, she was charged with burglary in the second degree, aggravated criminal contempt, criminal contempt in the first degree, criminal mischief in the fourth degree and resisting arrest. Defendant appeared before County Court and executed a waiver of indictment (see CPL 195.10), which the court approved, and the People filed a superior court information (hereinafter SCI) charging her with aggravated criminal contempt. She later appeared before the court and pleaded guilty to aggravated criminal contempt, reaffirmed her waiver of indictment and waived her right to appeal. In accordance with her plea agreement, the court sentenced defendant, as a second felony offender, to a prison term of 3 to 6 years. Defendant appeals.
A criminal defendant has the right to indictment by a grand jury but may waive that right in open court and consent to prosecution by an SCI (see NY Const, art I, § 6; CPL 195.10). Defendant acknowledges that she agreed to be prosecuted by an SCI, but argues that the parties must strictly comply with the statutory requirements to waive indictment or the waiver is invalid [*2]and, accordingly, the SCI is jurisdictionally defective [FN1]. If the parties failed to strictly comply with the statutory mandate for waiving indictment, defendant's judgment of conviction and plea must be vacated and the SCI dismissed (see People v Boston, 75 NY2d 585, 589 [1990]; People v Hulstrunk, 163 AD3d 1177, 1178 [2018]).
To validly execute a waiver of indictment, the defendant must sign a written instrument that contains "the name of the court in which it is executed, the title of the action, and the name, date and approximate time and place of each offense to be charged in the [SCI]" (CPL 195.20). Although there are additional requirements to waive indictment (see CPL 195.20; see also CPL 195.10), defendant challenges only her waiver's omission of the "approximate time and place" of the alleged offense. The waiver here stated that the SCI would charge the crime of aggravated criminal contempt "as having been committed on or about the 18th day of June, 2016, in the Town of Niskayuna and County of Schenectady, and State of New York."
When an SCI is attached to the waiver of indictment or filed simultaneously with it, courts may read both forms together, as a single document, to satisfy the requirements of CPL 195.20 (see People v Sterling, 27 AD3d 950, 952 [2006], lv denied 6 NY3d 898 [2006]; People v Salvalo, 286 AD2d 636, 636 [2001], lvs denied 97 NY2d 687 [2001]). The record indicates that the SCI was filed with County Court during the same appearance that defendant executed the waiver of indictment. The SCI more particularly describes that the offense occurred "in the vicinity of" a specific street address. Listing the town may have been sufficient to meet the statutory requirement of stating an "approximate . . . place" (see People v Windley, 228 AD2d 875, 876-877 [1996], lvs denied 88 NY2d 991, 997 [1996]) but, considering the waiver of indictment and the SCI together as a single document, the street address certainly satisfied that requirement.
In contrast, neither the waiver of indictment nor the SCI contained the time of the offense. Courts have held that "[w]hen time is not an essential element of an offense, the indictment, as supplemented by a bill of particulars, may allege the time in approximate terms. The indictment must, however, set forth a time interval which reasonably serves the function of protecting defendant's constitutional right to be informed of the nature and cause of the accusation, so as to enable the defendant to prepare a defense and to use the judgment against further prosecution for the same crime" (People v Watt, 81 NY2d 772, 774 [1993] [internal quotation marks and citations omitted]; see People v Morris, 61 NY2d 290, 294 [1984]; People v Garcia, 141 AD3d 861, 863 [2016], lv denied 28 NY3d 929 [2016]). Those cases deal with indictments, however, not waivers of indictment. Pursuant to the statute, an indictment must include a statement "that the offense charged therein was committed on, or on or about, a designated date, or during a designated period of time" (CPL 200.50 [6]), whereas CPL 195.20 requires that waivers of indictment include the offense's "date and approximate time" (emphasis added). "[I]n the interpretation of a statute[,] we must assume that the Legislature did not deliberately place a phrase in the statute which was intended to serve no purpose[,] and each word must be read and given a distinct and consistent meaning" (Matter of Rodriguez v Perales, 86 NY2d 361, 366 [1995] [internal quotation marks, ellipsis and citations omitted]). Simply stating that the offense occurred on, or on or about, a specified date or within a range of time [*3](such as a certain week, month or span of months) may meet the statutory requirements for an indictment (see People v Morris, 61 NY2d at 294; People v Garcia, 141 AD3d at 863-864), but is insufficient to meet CPL 195.20's additional "approximate time" requirement for a waiver of indictment (but see People v Windley, 228 AD2d at 876). Any other interpretation would render the statute's language requiring the "approximate time" superfluous or redundant.
This case does not present a situation where the time of the offense is unknown or, perhaps, unknowable (compare People v Morris, 61 NY2d at 294; People v Garcia, 141 AD3d at 863-864). Indeed, the record contains police reports that include the time that the incident occurred and was reported. Inasmuch as the waiver of indictment does not contain all of the statutorily-required information (see CPL 195.20), that waiver is invalid and the related SCI is jurisdictionally defective. Thus, we must reverse the judgment of conviction and dismiss the SCI (see People v Hulstrunk, 163 AD3d at 1178; People v Seals, 135 AD3d 985, 987 [2016]). " If warranted, further proceedings may be had on the felony complaints in the appropriate court" (People v Hulstrunk, 163 AD3d at 1178 [internal quotation marks, brackets and citations omitted]; see People v Seals, 135 AD3d at 987).
Garry, P.J., Lynch, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is reversed, on the law, and superior court information dismissed.



Footnotes

Footnote 1: This jurisdictional challenge is not precluded by defendant's guilty plea or her waiver of the right to appeal, nor is it subject to the preservation requirement (see People v Hulstrunk, 163 AD3d 1177, 1178 n [2018]; People v Davenport, 106 AD3d 1197, 1197 [2013], lv denied 21 NY3d 1073 [2013]).