People v Introne (2019 NY Slip Op 03701)





People v Introne


2019 NY Slip Op 03701


Decided on May 9, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 9, 2019

109077

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DAVID W. INTRONE, Appellant.

Calendar Date: March 25, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Devine, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Chad W. Brown, District Attorney, Johnstown (Amanda M. Nellis of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Fulton County (Catena, J.), rendered July 20, 2016, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree and endangering the welfare of a child.
Defendant was charged in an indictment with sexual abuse in the first degree and endangering the welfare of a child as the result of his alleged fondling of an 11-year-old girl in December 2014. He was convicted as charged following a jury trial. County Court imposed concurrent sentences of three years in prison and 10 years of postrelease supervision on the sexual abuse conviction and one year in jail on the child endangerment conviction. Defendant appeals, and we now affirm.
To the extent that defendant challenges the legal sufficiency of the evidence, he did not preserve that argument with his general motion to dismiss at trial (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Spencer, 169 AD3d 1268, 1268 [2019]). Nevertheless, as he also contends that the verdict is against the weight of the evidence, we must assess whether the elements of the charged crimes were established beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349 [2007]; People v Vickers, 168 AD3d 1268, 1269 [2019]). The charged crimes require proof that the 51-year-old defendant subjected the 11-year-old victim to sexual contact (see Penal Law §§ 130.00 [3]; 130.65 [4]) and that he knew his conduct would "likely . . . be injurious" to the victim's welfare (Penal Law § 260.10 [1]).
The trial evidence reflected that, following a tip that defendant had engaged in inappropriate conduct, a caseworker from the Montgomery County Department of Social Services and a State Police investigator interviewed the victim and others. The victim did not suggest that anything was amiss, but the investigator and caseworker remained concerned and elected to speak to defendant. They located defendant at his residence, and he voluntarily drove with his wife to the State Police barracks so that he could be interviewed. According to both the [*2]caseworker and investigator, defendant was Mirandized and confessed that he had sexual contact with the victim on several occasions. He then signed a written statement to that effect that had been prepared by the investigator and read aloud to him. The victim later acknowledged that defendant had inappropriately touched her and testified to the incident underlying the indictment, stating that she was sitting with defendant on a couch and watching a movie when defendant placed his hand under her clothing and held it against her vagina for several minutes. The victim explained that she did not come forward to begin with because defendant promised to buy her whatever she wanted if she remained silent, then gave her items that included an expensive guitar and computer tablets.
Defendant recanted his confession at trial, testifying that his medical issues left him addled during the interview and that the investigator threatened him. His account was severely tested upon the cross-examination of him and his wife, however, and it was contradicted by the accounts of the investigator and the caseworker. In any event, the conflicting versions of what transpired during the interview presented a credibility issue for the jury to resolve (see People v Jaeger, 96 AD3d 1172, 1174-1175 [2012], lv denied 19 NY3d 997 [2012]). Likewise, defendant challenged the victim's testimony by pointing to her initial denials and other inconsistencies, but it was not incredible as a matter of law, and the question of whether to credit it was one for the jury (see People v Hackett, 167 AD3d 1090, 1093 [2018]; People v Garcia, 141 AD3d 861, 863 [2016], lv denied 28 NY3d 929 [2016]). The jury credited the proof that the charged abuse had occurred. Thus, although a different verdict was arguably "a reasonable possibility, viewing the evidence in a neutral light and according deference to the jury's superior opportunity to assess witness credibility, we are satisfied 'that the verdict was in accord with the weight of the evidence'" (People v Warrington, 155 AD3d 1450, 1452 [2017], quoting People v Lapi, 105 AD3d 1084, 1086 [2013], lv denied 21 NY3d 1043 [2013]; see People v Planty, 155 AD3d 1130, 1131-1132 [2017], lv denied 30 NY3d 1118 [2018]; People v Garcia, 141 AD3d at 862-863).
We are lastly unpersuaded that the sentence, which is near the statutory minimum, was harsh and excessive (see Penal Law § 70.80 [4] [a] [iii]; People v Garcia, 141 AD3d at 865).
Egan Jr., J.P., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.