People v Rosario (2020 NY Slip Op 03254)





People v Rosario


2020 NY Slip Op 03254


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-05245
 (Ind. No. 144/16)

[*1]The People of the State of New York, respondent,
v
Raymond Rosario, appellant.


Paul Skip Laisure, New York, NY (Ava C. Page of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William Garnett, J.), rendered April 19, 2017, convicting him of assault in the third degree (two counts), criminal obstruction of breathing or blood circulation, and petit larceny, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that certain comments made during jury selection by a prospective juror, who was a retired police officer, suggested that the defendant had a prior criminal record. The defendant argues that he was denied his right to a fair trial by an impartial jury based upon the Supreme Court's failure to issue a curative instruction in response to those comments, or inquire of the other prospective jurors as to whether those comments prejudiced them against the defendant. However, the defendant's contention is unpreserved for appellate review, as he failed to raise this issue before the Supreme Court (see CPL 470.05[2]; People v Brown, 21 AD3d 1035, 1035-1036). In any event, the defendant's contention is without merit. The prospective juror, who was later excused, twice stated that he did not recognize the defendant, and his comments did not otherwise suggest that the defendant had a prior criminal record (cf. People v Green, 31 AD3d 1048, 1049; People v Butler, 258 AD2d 368, 369).
The defendant's contention that the two counts of assault in the third degree were multiplicitous and that his conviction of both counts violated CPL 40.20 is unpreserved for appellate review (see CPL 470.05[2]; People v Dodson, 48 NY2d 36, 39). In any event, the defendant's contentions and his related constitutional double jeopardy claim are without merit. Under the circumstances of this case, the defendant's conduct of striking the complainant multiple times with a closed fist and subsequently dragging her by the hair did not constitute a single, uninterrupted occurrence (see People v Manigault, 150 AD3d 1331, 1332; People v Garcia, 141 AD3d 861, 865; People v Grosso, 281 AD2d 986, 988). The record reflects that the conduct occurred at different times and in different locations within a house, and resulted in distinct injuries (see People v Garcia, 141 AD3d at 865).
The defendant's remaining contention is without merit.
AUSTIN, J.P., ROMAN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court