People v McDonnell (2022 NY Slip Op 00434)





People v McDonnell


2022 NY Slip Op 00434


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2019-02483
 (Ind. No. 2164/16)

[*1]The People of the State of New York, respondent, 
v
Theresa McDonnell, also known as Theresa Barth, appellant.


Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia and Sharyn Gitter of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Nicole L. Gallo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Fernando Camacho, J.), rendered April 12, 2018, convicting her of grand larceny in the second degree, offering a false instrument for filing in the first degree, and identity theft in the first degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the prosecutor's comments during her opening statement and summation constructively amended the indictment by advancing a new theory of grand larceny in the second degree at trial is unpreserved for appellate review (see CPL 470.05[2]; People v Grant, 189 AD3d 2112, 2114; People v Williams, 170 AD3d 1046, 1048). In any event, the contention is without merit, as the indictment did not limit the count of grand larceny in the second degree to a theory involving solely the initial transfer of funds between firm accounts (see People v Guidice, 83 NY2d 630, 636-637; People v McGrew, 103 AD3d 1170, 1174; People v Gonzalez, 202 AD2d 606, 607).
The defendant's contentions that the two counts of identity theft in the first degree were multiplicitous and that her conviction of both counts violated constitutional principles of double jeopardy are unpreserved for appellate review (see CPL 470.05[2]; People v Gonzalez, 99 NY2d 76, 82; People v Rosario, 184 AD3d 676, 677). In any event, the contentions are without merit. The defendant was convicted under distinct subdivisions of the statute, each requiring proof of an additional fact (see Penal Law § 190.80[1], [2]; CPL 200.30[2]; People v Alonzo, 16 NY3d 267, 269-271; People v Ayala, 172 AD3d 1084, 1084; Matter of Lavon S., 136 AD3d 1044, 1046).
The Supreme Court providently exercised its discretion in permitting the People to proffer evidence regarding the defendant's receipt of a $300,000 loan from a private lender through the use of fraudulent bank statements. The evidence was inextricably interwoven with the count of grand larceny in the second degree, as it was part and parcel of how the defendant was able to obtain [*2]an overage check from the firm at the closing of the property (see People v Kims, 24 NY3d 422, 438; People v Ramirez, 180 AD3d 811, 812; People v Gross, 172 AD3d 741, 741) and was probative of the defendant's intent to commit the charged crime and the absence of accident or mistake (see People v Bayne, 82 NY2d 673, 676; People v Barnes, 160 AD3d 890, 891). Further, the probative value of the evidence outweighed the potential for prejudice to the defendant (see People v Bittrolff, 165 AD3d 690, 691).
The defendant's challenges to the Supreme Court's charge to the jury are unpreserved for appellate review (see CPL 470.05[2]; People v Keschner, 25 NY3d 704, 721; People v Darby, 196 AD3d 643, 645). In any event, the court's charge on grand larceny in the second degree did not limit the jury to consideration of solely the initial transfer of funds between firm accounts, and the charge adequately conveyed the applicable legal principles (see People v Norman, 85 NY2d 609, 618 n 3; People v Curran, 139 AD3d 1087, 1089).
The defendant's contention that there was legally insufficient evidence to support the conviction of grand larceny in the second degree is unpreserved for appellate review (see CPL 470.05[2]; People v Kolupa, 13 NY3d 786, 787; People v Hawkins, 11 NY3d 484, 492). However, contrary to the People's contention, the defendant did preserve for appellate review her legal sufficiency challenge to the convictions of identity theft in the first degree. Since the defendant's case did not supply any additional evidence of guilt relative to the counts of identity theft in the first degree, the defendant was not required to renew her motion at the close of the evidence in order to preserve her current contentions (see People v Murray, 163 AD3d 1000, 1001; People v Squires, 68 AD3d 900, 900). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of grand larceny in the second degree and both counts of identity theft in the first degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The Supreme Court lawfully imposed consecutive sentences on the convictions of grand larceny in the second degree and offering a false instrument for filing in the first degree, as the actus reus elements of those crimes do not overlap (see Penal Law §§ 70.25[2]; 155.40[1]; 175.35[1]; People v Brahney, 29 NY3d 10, 14). Moreover, those crimes involved separate and distinct acts, committed months apart (see People v Brahney, 29 NY3d at 14-15). The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
BARROS, J.P., CONNOLLY, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court