People v Gaines (2022 NY Slip Op 03847)

People v Gaines

2022 NY Slip Op 03847

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

489 KA 18-02069

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAWRENCE GAINES, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered December 11, 2017. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). We affirm. Preliminarily, as defendant contends and the People correctly concede, defendant did not validly waive his right to appeal (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Defendant contends that Supreme Court's suppression ruling violated the law of the case doctrine. In particular, defendant contends that because the court stated, in the course of granting him a suppression hearing, that he had standing to seek suppression of the subject gun, it was precluded from ultimately ruling, based on the evidence adduced at the suppression hearing, that defendant lacked standing to challenge the search in which the gun was recovered. Defendant failed to preserve that contention for our review (see Matter of Piccillo, 43 AD3d 1344, 1344 [4th Dept 2007]; People v Chakrabarty, 27 AD3d 657, 658 [2d Dept 2006], lv denied 7 NY3d 786 [2006]; People v Smith, 262 AD2d 77, 78 [1st Dept 1999], lv denied 93 NY2d 1027 [1999]). Indeed, by expressly acknowledging in his post-hearing memorandum that the issue of standing remained open for determination, defendant affirmatively "invited th[e] ostensible error" of which he now complains (Matter of Travelers Cas. & Sur. Co. of Am. v Erie Canal Harbor Dev. Corp., 189 AD3d 2074, 2076 [4th Dept 2020]). In any event, defendant's contention is without merit. The court's initial assessment of defendant's standing was based solely on the motion papers, whereas the court's ultimate ruling on defendant's standing was based on the full record developed at the suppression hearing. Under these circumstances, the law of the case doctrine does not apply (see Matter of Hersh, 198 AD3d 766, 770 [2d Dept 2021], lv denied 37 NY3d 919 [2022]; Gitman v Martinez, 169 AD3d 1283, 1284-1285 [3d Dept 2019]; Martinez v Paddock Chevrolet, Inc., 85 AD3d 1691, 1692-1693 [4th Dept 2011]; Smith, 262 AD2d at 78).
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court