| Austin Schuster Group, LLC v Extell Dev. Co. |
|:---:|
| 2025 NY Slip Op 32136(U) |
| June 16, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 158302/2023 |
| Judge: Andrew Borrok |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

-----------------------------------------------------------------------------------X

THE AUSTIN SCHUSTER GROUP, LLC,

Plaintiff,

- v -

EXTELL DEVELOPMENT COMPANY, CLINTON PB 27
LLC,XYZ CORP. 1-20,

Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 158302/2023 |
| **MOTION DATE** | 02/20/2025, 03/26/2025, 04/04/2025, 04/11/2025 |
| **MOTION SEQ. NO.** | 003 004 005 007 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 94, 95, 96, 97, 98, 99, 100, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112

were read on this motion to/for                    SANCTIONS                    .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 131, 166, 167, 168, 169, 170, 204

were read on this motion to/for          AMEND CAPTION/PLEADINGS          .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 171, 214, 215, 216, 219, 220, 221, 222

were read on this motion to/for                    SANCTIONS                    .

The following e-filed documents, listed by NYSCEF document number (Motion 007) 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 205, 206, 226, 227

were read on this motion to/for                    DISCOVERY                    .

Upon the foregoing documents and for the reasons set forth below, the Austin Schuster Group,

LLC (**ASG**) is entitled to take a new deposition of Abba Barnett as the corporate representative

of Extell Development Corporation (**Extell**) at Extell's expense.  This is the deposition that they

noticed (NYSCEF Doc. No. 96 "Abba Barnett *on behalf of Extell Development Company*"),

and this is what they were entitled to take.  As discussed previously, it is Abba Barnett's

**158302/2023   THE AUSTIN SCHUSTER GROUP, LLC vs. EXTELL DEVELOPMENT COMPANY ET
AL
Motion No.  003 004 005 007**

**Page 1 of 10**

communications with ASG that gives rise to the alleged agreement which forms the basis for this dispute. It is simply not so that this was not the deposition noticed. Nor was it proper to take the position that Mr. Barnett should testify and then afterwards the parties would discuss whether his testimony bound Extell (NYSCEF Doc. No. 112 at 18:9-22) or that the deposition of Mr. Barnett could be avoided based on an email purporting to produce him on behalf of another entity or in his personal capacity **only** to which ASG never agreed. Even following call to the Court in the middle of the deposition to address this sham, the record evidences deliberate obfuscation to the legitimate rights of ASG to explore non-privileged information (NYSCEF Doc. No. 112).[1] As such, ASG's motion (Mtn. Seq. No. 003) must be granted to this extent and the cross-motion is denied.

ASG's motion (Mtn. Seq. No. 004) for leave to file an amended complaint (the **AC**; NYSCEF Doc. No. 117) is GRANTED except that they may not bring a separate cause of action for attorneys' fees. Extell's cross-motion (Mtn. Seq. No. 004) is also GRANTED to the extent that the cost of taking Austin Schuster's deposition based on the new version of the agreement proffered must be borne by ASG.

Extell is not entitled to strike the complaint (Mtn. Seq. No. 005) at this time. Simply put, the fact that the wrong document was previously provided and includes events that are alleged to have occurred later does not yet establish a "fraud on the court" as a matter of law warranting the

---

[1] For the avoidance of doubt, to the extent that Clinton PB 27 LLC was noticed for deposition (NYSCEF Doc. No. 87), Abba Barnett was not identified as the person on behalf of this company. To be sure, Clinton could produce Abba Barnett as its corporate representative if appropriate, but what they could not do is pretend that Abba Barnett had not been noticed on behalf of Extell or seek to avoid binding Extell based on his testimony which is exactly what they sought to do.

158302/2023   THE AUSTIN SCHUSTER GROUP, LLC vs. EXTELL DEVELOPMENT COMPANY ET AL
Motion No.  003 004 005 007

Page 2 of 10

extraordinary remedy of striking the pleadings. That said, the defendants are entitled to fullsom discovery on this issue so as to develop the record as to how this occurred. Following a fully developed record, they may renew their motion if appropriate.

Extell's motion (Mtn. Seq. No. 007) to (i) compel ASG to produce responsive documents, including the metadata for all electronically stored documents that will be produced, (ii) compel ASG to produce Miriam Miranda for a deposition, and (ii) award Extell the attorney's fees reasonably incurred in connection with the instant motion is GRANTED as set forth below.

## DISCUSSION

### I. ASG's Motion for Sanctions is Granted (Mtn. Seq. No. 003)

A court in a civil action is authorized to award the reasonable attorneys' fees and expenses incurred by a party as a result of the opposing party's frivolous conduct (22 NYCRR § 130-1.1 [a]). Conduct is frivolous for the purposes of a motion for sanctions if

(i)     it is completely meritless,
(ii)    it is done to delay or prolong the litigation or to harass or injure another party, or
(iii)   asserts false material statements of fact

(*id.* § 130-1.1 [c]). In addition, "a court has inherent power to address actions which are meant to undermine the truth-seeking function of the judicial system and place in question the integrity of the courts and our system of justice" (*CDR Creances S.A.S. v Cohen*, 23 NY3d 307, 318 [2014]).

158302/2023   THE AUSTIN SCHUSTER GROUP, LLC vs. EXTELL DEVELOPMENT COMPANY ET AL
Motion No.  003 004 005 007

Page 3 of 10

3 of 10

ASG argues that (i) Jason Cyrulnik, in bad faith, took the frivolous position that Abba Barnett was appearing at the deposition as an individual rather than on behalf of Extell, and (ii) Mr. Cyrulnik impeded Mr. Barnett's deposition by directing him not to answer proper questions and asserting privilege that did not exist. In support of its position, ASG adduces the transcript of Mr. Barnett's deposition (NYSCEF Doc. No. 112).

In opposition, Extell cross-moves for sanctions and argues that (i) Extell informed ASG prior to the deposition that Mr. Barnett would be appearing in his personal capacity and not as Extell's designee, (ii) Mr. Cyrulnik made valid objections based on the work-product doctrine, form, colloquy from ASG's counsel, and timing and logistical issues, and (iii) ASG wasted judicial resources by bringing a frivolous motion for sanctions.

As discussed above, ASG is entitled to retake the deposition of Abba Barnett as a representative of Extell at the defendants' sole cost and expense. The deposition was noticed for Mr. Barnett as Extell's representative (NYSCEF Doc. No. 96). This of course makes sense in this case because he is the person whom ASG is alleged to have interacted with and, as alleged, it is his alleged assent that forms the predicate for an agreement between Extell and the plaintiffs. The unilateral attempt by Mr. Cyrulnik to avoid this deposition on behalf of Extell was never agreed to by ASG. Unquestionably, the pre-deposition communication together with the conduct evidenced by the deposition transcript undermined the truth seeking function of the judicial process where wholly without merit objections were asserted. It was also not true to assert that it was unknown that ASG noticed and sought Mr. Barnett's deposition as the corporate representative of Extell. It was also inappropriate to suggest that they would consider ASG's request in the future or that

158302/2023   THE AUSTIN SCHUSTER GROUP, LLC vs. EXTELL DEVELOPMENT COMPANY ET
AL
Motion No.  003 004 005 007

Page 4 of 10

4 of 10

Mr. Barnett should testify and that later they consider whether it should be attributed to Extell (including if necessary seeking a ruling from the Court) (NYSCEF Doc. No. 112 at 18:9-22; *see*, *e.g.*, *id.* at 9-19).

As discussed, what followed after a phone call to the Court in the middle of the deposition is what can viewed in the best light possible to the defendants as a game of "whack-a-mole" to avoid answering appropriate and relevant questions. By way of example, when asked about the agreements at issue in the case, including when Mr. Barnett first saw the agreement which partially forms the basis for this dispute, counsel to Extell objected on privilege and attorney work-product grounds. To avoid confusion, counsel to ASG clarified that he was not asking about the substance of any communications between Mr. Barnett and his attorney:

> MR. BLUM: So I don't want to know what the sum and substance of the discussions of—with your attorney are, but I do want to know what the documents are—you reviewed. If you can answer that.

(*id.* at 22:5-8). Undeterred, counsel to Extell continued to assert inappropriate objections and encouraged the witness to avoid answering by first avoiding questions based on inappropriate assertions of privilege and then indicating that the question had been answered when in fact it had not (after Mr. Blum made clear again and again that he wasn't asking about privileged communications). Thus, ASG is entitled to take Mr. Barnett as the corporate representative of Extell's deposition de novo at Extell's expense. For the avoidance of doubt, Extell's cross-motion for sanctions is denied.

## II. ASG's Motion for Leave to File the AC is Granted in Part (Mtn. Seq. No. 004)

**158302/2023   THE AUSTIN SCHUSTER GROUP, LLC vs. EXTELL DEVELOPMENT COMPANY ET AL**
**Motion No.  003 004 005 007**

**Page 5 of 10**

5 of 10

Pursuant to CPLR § 3025(b), leave to amend shall be freely given, and absent surprise or prejudice, leave should be denied only where "the proposed pleading fails to state a cause of action, or is palpably insufficient as a matter of law" (*Thompson v Cooper*, 24 AD3d 203, 205 [1st Dept 2005]; *Linares v City of New York*, 2024 NY Slip Op 06156 [1st Dept 2024]).

ASG seeks leave to file the AC (i) asserting additional claims sounding in breach of good faith and fair dealing and attorney's fees, and (ii) amending certain factual narratives in the Complaint based on new facts identified during discovery. They are entitled to do so (*see Spina v Browning Hotel Props, LLC*, 230 AD3d 613 [2d Dept 2024]; *Kimso Apts, LLC v Gandhi*, 24 NY3d 403 [2014]; *Yujuico v Yujuico*, 2024 WL 168652, at *2 [NY Sup Ct 2024]; *Gade v Islam*, 2017 WL 3534921, at *3 [NY Sup Ct 2017]). However, to the extent that they assert a separate claim for attorney's fees, this is impermissible under New York law. The alleged agreement does not purport to upset the American rule. As such, the motion is granted except to the extent that the purported new pleading has a separate cause of action for attorneys' fees. For the avoidance of doubt, discovery shall proceed on the revised allegations and Extell is entitled to retake the deposition of ASG at ASG's sole cost and expense.

**III.    Extell's Motion to Strike the Complaint is Denied (Mtn. Seq. No. 005)**

Extell is not yet entitled to the Court striking the complaint (*see* CPLR § 3126; *Husovic v Structure Tone, Inc.*, 171 AD3d 559, 560 [1st Dept 2019]; *Sanchez v City of NY*, 266 AD2d 127 [1st Dept 1999]). The record does not yet evidence a "fraud on the court." The agreement at issue in this case was as both sides acknowledge never executed. ASG has acknowledged that it

158302/2023   THE AUSTIN SCHUSTER GROUP, LLC vs. EXTELL DEVELOPMENT COMPANY ET AL
Motion No.  003 004 005 007

Page 6 of 10

6 of 10

has proceeded on the wrong version of the agreement and is amending its complaint to reflect what it now says was the correct version of the agreement.

According to Extell, the date of the agreement and the email which ASG indicated it was attached to predates events set forth in the agreement. To be sure, this raises concerns and Extell is entitled to fulsome discovery as to how this occurred, including, forensic review of the appropriate computer servers and a deposition of Mr. Schuster as to how this quantum of information came into the possession of ASG. ASG must participate in this process and must provide adequate information as to this issue (including affidavits). Striking the pleadings however before this occurs is premature. Following fulsome discovery however, Extell may renew their motion if appropriate.

### IV.    Extell's Motion to Compel is Granted in Part (Mtn. Seq. No. 007)

CPLR § 3101 requires "full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof by. . . a party, or the officer, director, member, agent or employee of a party." As a guiding principle, the words "material and necessary" are to be "interpreted liberally to require disclosure of . . . any facts bearing on the controversy' (*Rivera v NYP Holdings Inc.*, 63 AD3d 469, 469 [1st Dept 2009] [quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 (1968)]). A party seeking to avoid disclosure bears the burden of showing that the disclosure sought is improper (*Roman Catholic Church of the Good Shepherd v Tempco Systems*, 202 AD2d 257, 258 [1st Dept 1994].

158302/2023   THE AUSTIN SCHUSTER GROUP, LLC vs. EXTELL DEVELOPMENT COMPANY ET AL
Motion No.  003 004 005 007

Page 7 of 10

7 of 10

Extell argues that ASG's document productions have consisted entirely of PDF copies of electronic documents, including emails and email attachments, that included no metadata. In its opposition papers, ASG claims that it possesses only hard copies of the documents, and thus cannot produce metadata for documents that do not exist in that format. Specifically, ASG contends that, since the documents in its possession were not electronically created or maintained, ASG is only able to produce the documents by scanning them.

To the extent that ASG claims that it does not possess any responsive documents in electronic format, it must produce an affidavit explaining its search and collection procedures and otherwise explaining how these documents came into its possession. Extell is also entitled to review the metadata produced from running the appropriate searches on ASG's servers. As such, Extell's motion is granted to the extent that the parties must meet and confer and, by June 20, 2025 at 9:30 am, agree on a joint ESI protocol that includes search terms which contemplate the issues surrounding the agreement at issue in this case. ASG must produce the metadata from running the search terms on its servers and, in the event that the production reveals untoward results, Extell may then move to renew its request for attorney's fees.

Finally, ASG is not permitted to rely on Ms. Miranda's affidavit (NYSCEF Doc. No. 72). Having failed to produce her for deposition, she can not testify in this case. ASG consented to the same (*tr.* 6.12.25).

The Court has considered the parties' remaining arguments and finds them unavailing.

**158302/2023   THE AUSTIN SCHUSTER GROUP, LLC vs. EXTELL DEVELOPMENT COMPANY ET AL**
**Motion No.  003 004 005 007**

**Page 8 of 10**

8 of 10

[* 8]

Accordingly, it is hereby

ORDERED that ASG's motion (Mtn. Seq. No. 003) for sanctions against Extell is GRANTED, and Extell's cross-motion for sanctions against ASG is DENIED; and it is further

ORDERED that Extell must produce Mr. Barnett for an additional four-hour deposition at Extell's cost within 30 days of this Decision and Order, and if Extell fails to do so, then ASG may move for all appropriate relief; and it is further

ORDERED that ASG's motion (Mtn. Seq. No. 004) for leave to file the AC is GRANTED to the extent set forth herein, and Extell's cross-motion (Mtn. Seq. No. 004) for fees and costs against ASG is GRANTED to the extent set forth herein; and it is further

ORDERED that ASG shall upload a clean copy of the proposed AC, striking the fifth cause of action for attorney's fees, to NYSCEF within five days of this Decision and Order; and it is further

ORDERED that Extell shall serve an answer to the AC or otherwise respond thereto within 20 days from the date of service; and it is further

ORDERED that Extell's motion (Mtn. Seq. No. 005) to strike the Complaint is DENIED; and it is further

158302/2023   THE AUSTIN SCHUSTER GROUP, LLC vs. EXTELL DEVELOPMENT COMPANY ET AL
Motion No.  003 004 005 007

Page 9 of 10

9 of 10

ORDERED that ASG must produce Mr. Schuster for an additional four-hour deposition at ASG's cost within 30 days of this Decision and Order; and it is further

ORDERED that Extell's motion (Mtn. Seq. No. 007) to compel is GRANTED to the extent set forth herein; and it is further

ORDERED that the parties shall file to NYSCEF and submit to Part 53 (sfc-part53@nycourts.gov) a proposed joint ESI protocol in accordance with the rulings set forth herein by June 20, 2025 at 9:30 am.

20250616144611AB0RR0K22A8074A2B01A8686D45C4826FF8C49

**6/16/2025**
**DATE**

**ANDREW BORROK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**158302/2023   THE AUSTIN SCHUSTER GROUP, LLC vs. EXTELL DEVELOPMENT COMPANY ET AL**      Page 10 of 10
**Motion No.  003 004 005 007**

10 of 10