■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MOORE, Appellant. [27 NYS3d 380]—

Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered March 13, 2013, convicting defendant, upon his plea of guilty, of attempted rape in the third degree, and sentencing him to time served, and judgment, same court (Lewis Bart Stone, J., at suppression hearing; Jill Konviser, J., at plea and sentencing), rendered April 12, 2013, convicting defendant of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant made a valid waiver of his right to appeal. The court's colloquy "was sufficient because the right to appeal was adequately described without lumping it into the panoply of rights normally forfeited upon a guilty plea" (*People v Sanders*, 25 NY3d 337, 341 [2015]). Moreover, defendant signed a written waiver that he had first reviewed with his counsel. The valid appeal waiver precludes review of defendant's suppression and excessive sentence claims. As an alternative holding, we reject them on the merits.

Defendant's waiver of indictment and prosecution by superior court information, under which he pleaded guilty to a misdemeanor and received time served, was not jurisdictionally defective, where the entire waiver colloquy took place in open court, even if the nearly contemporaneous physical signing of the waiver may have actually occurred in the vicinity of the courtroom (*see e.g. People v Badden*, 13 AD3d 463 [2d Dept 2004], *lv denied* 4 NY3d 796 [2005] [discussing analogous "open court" requirement for jury waiver]). Concur—Mazzarelli, J.P., Renwick, Moskowitz, Kapnick and Kahn, JJ.