People v Wilson (2018 NY Slip Op 00808)





People v Wilson


2018 NY Slip Op 00808


Decided on February 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2018

Richter, J.P., Mazzarelli, Webber, Kern, Oing, JJ.


5627 5578/14

[*1]The People of the State of New York, Respondent,
v
Mandel Wilson, Defendant-Appellant.


Rosemary Herbert, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), for appellant.
Mandel Wilson, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathon Krois of counsel), for respondent.



Judgment, Supreme Court, New York County (Larry R.C. Stephen, J.), rendered January 22, 2015, convicting defendant, upon his plea of guilty, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.
The record as a whole, including, among other things, the court's order approving the waiver, establishes that defendant properly waived his right to be prosecuted by indictment by executing the written instrument in open court in the presence of his counsel (see People v Moore, 137 AD3d 704 [1st Dept 2016], lv denied 27 NY3d 1136 [2016]).
The superior court information properly charged defendant with third-degree robbery, because it is a lesser included offense of second-degree robbery, a charge in the felony complaint on which defendant was held for grand jury action (see People v Pierce, 14 NY3d 564, 568 [2010]). Contrary to defendant's argument, the record does not demonstrate any "confusion" in this regard.
Defendant did not preserve his challenges to his guilty plea (see People v Conceicao, 26 NY3d 375, 382 [2015]), and we decline to review them in the interest of justice. As an alternative holding, we find that the record establishes that the plea was knowing, intelligent and voluntary (see People v Tyrell, 22 NY3d 359 [2013]).
Defendant made a valid waiver of his right to appeal (see People v Bryant, 28 NY3d 1094 [2016]), which forecloses review of his excessive sentence claim. Regardless of whether defendant validly waived his right to appeal, we perceive no basis for reducing the sentence.
We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 6, 2018
CLERK