People v Ramos (2020 NY Slip Op 07678)





People v Ramos


2020 NY Slip Op 07678


Decided on December 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

Before: Manzanet-Daniels, J.P., Gesmer, Kern, Oing, Moulton, JJ. 


FalseAppeal No. 12679 Case No. 2019-1447 

SCI No. 3174/18
[*1]The People of the State of New York, Respondent,
v
Gabriel Ramos, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Daniel Krumholz of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.



Judgment, Supreme Court, New York County (Kevin B. McGrath, J. at plea; Laurie Peterson, J. at sentencing), rendered October 24, 2018, convicting defendant of criminal possession of a controlled substance in the third degree and sentencing him to a term of one year, unanimously affirmed.
Defendant's waiver of indictment and prosecution by superior court information was not jurisdictionally defective, where the entire waiver colloquy took place in open court, even if the record is ambiguous whether defendant signed the waiver document just before the plea proceeding or during it (see People v Moore, 137 AD3d 704 [1st Dept 2016], lv denied 27 NY3d 1136 [2016]). The written waiver is dated the same day as the plea proceeding, and defendant signed the waiver, which acknowledges that it was signed "in open court" in counsel's presence. Defense counsel also signed the document and confirmed it was signed in open court in his presence. The court also signed a statement on it which states that it is "satisfied that the waiver complies with [CPL] 195.10 and 195.20," and approved the waiver (see People v Myers, 32 NY3d 18 [2018]).
Under the presumption of regularity, absent specific proof to the contrary, the law presumes that the requirements for a valid waiver of indictment (CPL 195.20) were satisfied (People v Torres, 265 AD2d 226, 227 [1st Dept 1999], lv denied 94 NY2d 886 [2000] ; see also People v Dominique, 90 NY2d 880, 881 [1997]). We find unpersuasive defendant's assertion that the record establishes the invalidity of the waiver.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2020