People v Walley (2021 NY Slip Op 00333)





People v Walley


2021 NY Slip Op 00333


Decided on January 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

109862

[*1]The People of the State of New York, Respondent,
v
Zaquan Walley, Appellant.

Calendar Date: October 8, 2019

Before: Garry, P.J., Egan Jr., Mulvey and Aarons, JJ.


G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered February 7, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree (two counts).
As part of a global disposition, defendant pleaded guilty to criminal possession of a weapon in the second degree in satisfaction of a six-count indictment and also pleaded guilty to criminal possession of a weapon in the second degree as set forth in a superior court information (hereinafter SCI). In accordance with the plea agreement, County Court sentenced defendant, as a second violent felony offender, to prison terms of 11½ years followed by five years of postrelease supervision on each conviction, to run concurrently. Defendant appealed. This Court reversed the judgment of conviction and dismissed the SCI, but the Court of Appeals reversed and remitted for us to consider issues that were previously raised but not determined (176 AD3d 1513 [2019], revd ___ NY3d ___, 2020 NY Slip Op 07691 [2020]).
Defendant contends that the People and County Court violated the timing requirements implicit in CPL 195.40. A leading commentator has noted "that where indictment is waived in the superior court, the statute [CPL 195.40] contemplates a one-step procedure — i.e., the defendant's signing of the waiver before the court, endorsement of consent by the district attorney (see CPL 195.20), approval by the court (see CPL 195.30), and filing of the superior court information, all at the same court appearance" (Peter Preiser, Practice Commentaries, McKinney's Cons Law of NY, Book 11A, CPL 195.40, at 210). Although this one-step procedure appears to be most efficient, and perhaps a best practice, the statutes do not strictly require that all steps occur at one court appearance. Pursuant to CPL 195.20, a written waiver of indictment "shall be signed by the defendant in open court in the presence of his [or her] attorney. The consent of the district attorney shall be endorsed thereon." The statute does not specify when that endorsement must be affixed to the waiver. Pursuant to CPL 195.30, the court must approve the waiver in writing for it to be effective. Again, no time frame is stated. When indictment is waived in a superior court, the prosecutor must file a corresponding SCI in that court at the time that the waiver of indictment is executed (see CPL 195.40).
County Court noted on the record on September 2, 2016 that defendant had just signed the waiver of indictment in open court. His attorney signed as a witness. Immediately after satisfying itself that defendant had knowingly and voluntarily executed the waiver upon consultation with counsel, the court signed the waiver to acknowledge its approval. The court then handed the signed waiver to the court clerk for filing and stated that the SCI was "now filed." Date stamps on the waiver of indictment and SCI indicate that both documents were filed with County [*2]Court on September 2, 2016. The waiver contains the prosecutor's signature under a statement granting his consent to the waiver. The date of August 17, 2016 is typed below that signature line, but the record is unclear regarding when the prosecutor affixed his signature to the waiver. In our view, the timing of that signature is irrelevant, as it was necessarily affixed before the waiver was filed with the court. Thus, the procedure followed here did not violate CPL 195.40 and the waiver of indictment was valid.
Defendant's remaining arguments have been considered and are without merit.
Garry, P.J., Egan Jr. and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.