People v Garry (2022 NY Slip Op 03773)

People v Garry

2022 NY Slip Op 03773

Decided on June 9, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 9, 2022

112187
[*1]The People of the State of New York, Respondent,
v
Donald Garry, Appellant.

Calendar Date:April 19, 2022

Before:Lynch, J.P., Clark, Aarons, Colangelo and McShan, JJ.

Veronica Reed, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Clark, J.
Appeal from a judgment of the Supreme Court (Sypniewski, J.), rendered July 25, 2019 in Schenectady County, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the fourth degree (two counts).
In February 2019, pursuant to a plea agreement satisfying a number of charges, defendant waived indictment and pleaded guilty to a superior court information (hereinafter SCI) charging him with two counts of criminal possession of stolen property in the fourth degree in exchange for the opportunity to participate in a drug treatment program and, upon successful completion thereof, to receive a maximum sentence of five years of probation. Defendant was advised that, if he did not successfully complete such program, he would be sentenced to a prison term with a cap of 1½ to 3 years for each conviction with the possibility that the sentences could be imposed consecutively. Defendant also agreed to waive his right to appeal and to pay restitution. Upon his rearrest and resultant discharge from the program, Supreme Court sentenced defendant, as a second felony offender, to consecutive prison terms of 1½ to 3 years for each conviction. Defendant appeals.
Defendant first contends that his waiver of indictment is invalid because no showing was made that he signed the written waiver in open court (see CPL 195.20). We disagree. Although the record is silent with respect to the precise circumstances under which defendant executed the written waiver, a review of the minutes of the February 28, 2019 plea proceeding reflects that Supreme Court inquired as to whether defendant had the opportunity to review the waiver document with counsel, whether he understood it and whether he signed same. Defendant indicated affirmatively in every respect. The court also signed an approval affixed to the waiver document stating that defendant appeared before the court and acknowledged that he voluntarily executed the document. Under these circumstances, we are satisfied that the waiver was signed in open court within the meaning of the statute (see People v Ramos, 189 AD3d 586, 586 [2020], lv denied 36 NY3d 1059 [2021]; People v Edwards, 181 AD3d 1054, 1054-1055 [2020], lvs denied 35 NY3d 1026, 1029 [2020]; People v Moore, 137 AD3d 704, 704 [2016], lv denied 27 NY3d 1136 [2016]). We also reject defendant's related claim regarding an earlier date that may be found on the waiver document, which coincides with the consent of the Schenectady County District Attorney, not defendant's February 28, 2019 signature that was witnessed by defense counsel (see CPL 195.40; People v Walley, 190 AD3d 1153, 1154 [2021], lv denied 36 NY3d 1101 [2021]). Additionally, and contrary to defendant's understanding, Supreme Court was under no obligation to align its remarks about the right to indictment by grand jury with the model colloquy (see generally NY Const art 1, § 6; CPL 195.20; People v Myers, 145 AD3d 1596, 1597 [2016], affd 32 NY3d 18 [*2][2018]).
Defendant further claims that the waiver of indictment is jurisdictionally defective because it did not provide him with adequate notice of the charges upon which the prosecution by SCI would proceed. This claim is belied by the record, however, as the written waiver listed each of the numerous charges that were pending against him at the time of his plea, including only two charges of criminal possession of stolen property in the fourth degree — the two crimes with which he was charged by the subject SCI (see People v Lang, 34 NY3d 545, 569 [2019]; see generally CPL 200.15). Defendant appears to also argue that the People's reference, during the plea proceeding, to agreed-upon restitution for crimes other than those charged by the SCI rendered his waiver of indictment jurisdictionally defective for lack of notice. This argument is a nonstarter. The restitution imposed was statutorily authorized (see Penal Law § 60.27 [4] [a]), and, as a term of the negotiated plea agreement, it was appropriately placed on the record. The People's recitation of that term in no way confused the two crimes for which defendant would be prosecuted. We also note that defendant failed to object, at any point, to any issue related to restitution. Ultimately, we find that defendant's waiver "memorialize[d] with sufficient specificity the charges for which [he] waive[d] prosecution by indictment" (People v Lang, 34 NY3d at 569).
We agree with defendant that his waiver of the right to appeal is overbroad and therefore invalid and that his challenge to the severity of his sentence is therefore not precluded (see People v Pompey, 203 AD3d 1411, 1412 [2022], lv denied ___ NY3d ___ [Apr. 28, 2022]; People v Lunan, 196 AD3d 969, 969 [2021]; see also People v Williams, 203 AD3d 1398, 1398-1399 [2022]). Nevertheless, Supreme Court had adequate proof before it to impose consecutive sentences for defendant's separate and distinct thefts on occasions over one month apart (see Penal Law § 70.25; People v Laureano, 87 NY2d 640, 643-644 [1996]; People v McDonnell, 201 AD3d 951, 953 [2022]; People v Hodges, 199 AD3d 1015, 1017 [2021], lv denied 37 NY3d 1161 [2022]), a sentencing possibility of which he was clearly apprised. Ultimately, we do not find defendant's sentence to be unduly harsh or severe.
Lynch, J.P., Aarons, Colangelo and McShan, JJ., concur.
ORDERED that the judgment is affirmed.