People v A.Y. (2026 NY Slip Op 01464)

People v A.Y.

2026 NY Slip Op 01464

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Chan, Hagler, JJ. 

Ind. No. 70605/22, 1364/19, 71270/22|Appeal No. 6097-6098|Case No. 2022-03428, 2022-03832|

[*1]The People of the State of New York, Respondent,
vA.Y., Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Luz Beato of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jonathan L. Gold of counsel), for respondent.

Judgments, Supreme Court, Bronx County (Marsha D. Michael, J.), rendered June 30, 2022, as amended July 8, 2022, convicting defendant, upon his pleas of guilty, of criminal possession of a weapon in the second degree under indictment No. 1364/2019, and adjudicating him a youthful offender, criminal possession of a weapon in the second degree under indictment No. 70605/2022, and robbery in the third degree under indictment No. 71270/2022, and sentencing him, to an aggregate term of five years, unanimously modified, on the law as to indictment No. 1354/2019, and as a matter of discretion in the interest of justice on the remaining indictments, to the extent of vacating the surcharges and fees imposed on defendant at sentencing, and otherwise affirmed.
Defendant made a valid waiver of the right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US 1302 [2020]), which forecloses review of his claim that his sentence is excessive. In any event, we perceive no basis for reducing the sentence.
The valid waiver also precludes review of the suppression ruling (see Thomas, 34 NY3d at 564-565; People v Moore, 137 AD3d 704 [1st Dept 2016], lv denied 27 NY3d 1136 [2016]). As an alternative holding, we reject defendant's suppression claim on the merits. The testifying police officer stated that while on plainclothes patrol with another officer, he observed defendant wearing a hooded sweatshirt on a hot summer night, with a weighted object in the pocket which defendant repeatedly adjusted. The officers followed defendant and his companion at a distance in an unmarked patrol car, but did not approach or try to stop defendant. The officer, who had patrolled that area for six years, knew that defendant walked from an area known as the territory of the Bloods gang to a building known as a Crips hangout. Once there, defendant crouched behind a car to watch a group in front of that building, then crossed the street and reached into his pocket for the heavy object. Only after defendant engaged in that furtive conduct did the officers pull up in front of defendant, identify themselves as police and tell him to "hold up." The officer explained that, at that point, they believed he was "about to do a shooting," and if they waited any longer, "it might be too late." In response, defendant immediately fled. Under these circumstances, the officer's belief that defendant was about to start shooting was entirely reasonable. Defendant's flight further heightened the officer's suspicion, and justified the police pursuit. These circumstances provided reasonable suspicion justifying the officers' conduct in pursuing and then detaining defendant (see People v Stephens, 47 AD3d 586, 589 [1st Dept 2008], lv denied 10 NY3d 940 [2008]; compare People v Holmes, 81 NY2d 1056, 1058 [1993]), and consequently, the gun he discarded in the process was admissible (see People v Pines, 281 AD2d 311, 312 [1st Dept 2001], affd 99 NY2d 525 [2002]).
The court did not abuse its discretion in denying defense counsel's request at the sentencing proceeding for a two-week adjournment so that he could "consider" filing a motion to dismiss the two weapon possession indictments on Second Amendment grounds. Although the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen, 597 US 1 [2022], was issued just two weeks before the sentencing proceeding, defendant had ample opportunity to raise a Second Amendment challenge, where the Supreme Court had granted certiorari in Bruen more than a year before defendant's plea. The statutory provisions authorizing the imposition of mandatory surcharges and crime victim assistance fees upon youthful offenders were repealed effective August 24, 2020, before defendant was sentenced (L2020, ch 144, §§ 3-4; see former Penal Law §§60.02[3]; 60.35[10]). Thus, as the People concede, the sentencing court had no authority to impose the surcharge and fee under indictment No. 1354/2019 (see People v D.S., 230 AD3d 1036 [1st Dept 2024]; People v Jaquan K., 223 AD3d 481 [1st Dept 2024]). As to defendant's remaining convictions, based on our own interest of justice powers, we vacate the surcharges and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434, 435 [1st Dept 2021]). We note that the People do not oppose this relief. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026